# CHARLESTON

## BARNES v. CITY OF GRAFTON.

Submitted June 15, 1906.    Decided February 26, 1907.

1. MUNICIPAL CORPORATIONS—*Change of Grade—Action for Damages—Declaration.*

    A declaration, for damages sustained to an house and lot by changing and raising the grade of the street, which alleges that by

reason of the action of the defendant, a municipal corporation, in making a large fill in the street and building a high retaining wall in front of plaintiff's property permanently damaging her house and lot which was thereby made some eight or more feet below said street; that before the change of the grade of the street her house was built on a natural level with said street and was erected according to the natural lay and grade of said street as then established by the said municipal corporation. *Held*, to be sufficient on demurrer. (p. 411.)

2. SAME.

In such case the declaration alleges a sufficient cause of action and by which the defendant had full notice of plaintiff's claim for damages; and under its allegations proof of damages by diminution of the value of the property by reason of the change in the grade, filling and paving the street and erecting the wall may be made. (p. 411.)

3. TRIAL—*Instructions*

It is not error to refuse an instruction which is incomplete and unintelligible and which can in no way enlighten the jury on any phase of the case on trial. (p. 413.)

4. APPEAL—*Reversal—Harmless Error.*

When the court, on a thorough examination of the whole case, finds that substantial justice has been done, the judgment will not be reversed for any error committed by the circuit court, unless such error, if it had not been committed, would have tended in some measure to have produced a different result. (p. 414.)

Error to Circuit Court, Taylor County.

Action by Nancy C. Barnes against the City of Grafton. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

DENT & DENT, for plaintiff in error.

IRA E. ROBINSON, for defendant in error.

McWHORTER, JUDGE:

Nancy C. Barnes brought her action in the circuit court of Taylor county, filed her declaration at March rules 1904, against the City of Grafton, a municipal corporation, for damages sustained by her in her premises situated and fronting on East Washington street in the said City of Grafton by the action of the city authorities in raising the grade of said street and erecting a large stone wall in front of her house, alleging that by the changing of said grade her prop-

erty was greatly damaged, the actual damage thereto being more than $500.00.

On the 31st of March, 1905, the defendant appeared by its attorney and craved oyer of the summons, when the summons was read to it and the defendant demurred to the plaintiff's declaration and each count thereof, which demurrer was overruled and the plaintiff moved for leave to amend her writ to correspond to the declaration, which leave was granted and the writ amended by striking out the words "in *assumpsit*" and changing the damages from "$500" to "$1000." On the 10th day of November, 1905, the defendant entered its plea of not guilty and put itself upon the country and the plaintiff did the like; a jury was empanelled and, having viewed the premises in controversy and heard the evidence adduced by the plaintiff and the defendant, returned their verdict in favor of the plaintiff for $470 damages. Counsel for defendant moved to set aside the verdict of the jury as contrary to the law and the evidence, of which motion the court took time to consider and on the 14th of November the court overruled the motion and entered judgment upon the verdict.

In the progress of the trial the defendant took two bills of exceptions to certain rulings of the court, which were signed, sealed and saved to it and made a part of the record. First of which bills of exceptions sets forth all the evidence in the case, and the second relates to an instruction given for the plaintiff over the objection of the defendant and the refusal of three instructions offered by the defendant. The City of Grafton brings the case here on writ of error, and says that the court erred in overruling the demurrer of the defendant to the declaration and to each count, first, "Because of the variance between the declaration and the writ. One was in *assumpsit* and the other in trespass." This defect may be cured under the provisions of section 3835 Anno. Code 1906, (chapter 125, section 15), which was done as hereinbefore appears. Second, that the declaration has two counts in neither of which was it averred that the property of plaintiff was depreciated in value by the change of grade of the street and improvements made by the defendant; "but the plaintiff rests her case solely on the fact of damages to her property from the shutting off the light and cutting off the

view, without regard to market value." While the plaintiff in her declaration does not particularize all the inconveniences imposed upon her and her property, she alleges that the same, by reason of the action of the defendant in making a large fill in the street and building the high retaining wall in front of her property, permanently damaged her house and her lot which was thereby made some eight or more feet below said street; that before the change of the grade of the street her house was built on a natural level with said street and was erected according to the natural lay and grade of said street as then established by the said city. Article III, section 9, Constitution of this State, provides that "Private property shall not be taken or damaged for public use without just compensation." The declaration avers such damage in the changing of the grade of the street and the filling of the same and erecting the wall by the city authorities, and their refusal to pay such damages although frequently requested to do so. The declaration alleges a sufficient cause of action and by which the defendant had full notice of the plaintiff's claim for damages; under its allegations testimony could properly be introduced to prove damages to the property by the improvements to the street, the fill made and the erection of the wall in front of the house by the diminution of the value of the property by the work alleged to be prosecuted by the city authorities. The declaration is sufficient and the demurrer was properly overruled.

The second bill of exceptions is, first to the giving of the following instruction on behalf of the plaintiff over the objection of the defendant: "If the jury believe from the evidence that the property of the plaintiff, by reason of the change of the grade of the street in front of the same, has suffered damage greater than the special benefits to said property arising from such change of grade, then they shall find a verdict for the plaintiff for the amount that the whole of said damage to said property exceeds said special benefits. The question is one of damage less special, but not less general benefits."

It is contended by counsel for defendant "that the question of special and general benefits has nothing to do with a case of this character where no part of the real estate is taken and the proposed work is a mere matter of local im-

provement, such as the grading of the street and not a great work of internal improvement which benefits the country at large." This view of plaintiff in error is in conflict with point 4 of Syllabus, *Blair* v. *City of Charleston*, 43 W.Va. 62. It is true that according to the concurring opinion filed in the case of *Blair* v. *City of Charleston*, it is said: "This is the rule (referring to that laid down in said point 4) that applies to the ascertainment of damages in condemnation proceedings to the residue of the property not taken, and contravenes the rule in *Stewart* v. *Railroad Co.*, 38 W. Va. 438, 18 S. E. 604, applicable to the ascertainment of damages where no part of the property is taken," &c. However this may be as between the two cases cited—*Stewart* v. *Railroad Co.* and *Blair* v. *City of Charleston*—the evidence in case at bar, while somewhat conflicting on the value of the property immediately before and immediately after the change of the grade and making improvements, several witnesses testifying that the value of the property by reason of the said change of grade and improvements was diminished $500 or more and some others testifying to the contrary, if not decidedly preponderating that the value of the property was largely diminished, such evidence was ample to warrant and sustain the verdict. The weight of this evidence was a question purely for the jury. It appears from the record that the defendant "in response to said instruction" (above quoted as given on behalf of the plaintiff) asked for the following instruction, which was given: "The court instructs the jury that if they believe from the evidence that the property of the plaintiff, the said Nancy C. Barnes, was increased in value by reason of the public improvements, as distinguished from the general benefits of the WHOLE COMMUNITY at large, it is specially benefited, notwithstanding every other piece of property near the improvements may, to a greater or less degree, be LIKEWISE SPECIALLY BENEFITED."

The defendant also asked this further instruction, which was also given: "The court instructs the jury that the measure of damages for the injury to property from change of a street grade line is that sum which will make the owner whole; that is, the diminution from the market value from the change. If the market value is as much immediately

after as immediately before the change, no damages can be recovered."

And it is complained in said bill of exceptions No. 2 that the following three instructions, asked by the defendant, were refused: 1. "The court instructs the jury that if they believe from the evidence that the property of Nancy C. Barnes, the plaintiff herein, would have sold for as much immediately after the change of grade in front of the Nancy C. Barnes property and building the wall in front of the same and paving said street, as it would have immediately before said work was begun they will find for the defendant, City of Grafton."

2. "The court instructs the jury that they cannot find for the plaintiff unless they believe from the evidence that the said property of the plaintiff would have sold for less immediately after the work of grading and paving Washington street in front of the said property, than it would have, in market, immediately before the said work was begun on said street in front of said property."

3. "The court instructs the jury that if a piece of property is enhanced in value, its enhancement, in other words, benefits to the property specially enhanced in value, and it is thus specially benefited within itself, and irrespective of the benefit that may be conferred by the improvements upon other properties."

The first of these instructions was properly refused because the effect of it was to direct the jury to consider general benefits arising to the property, while the second was to the same effect in different form; not only this, but other instructions given for the defendant were substantially to the same effect. The third instruction, above copied and refused, is incomplete and unintelligible. The proposition, if any, intended to be expressed is not contained in it; the instruction, if it can be called such, is only calculated to confuse the jury and could in no way enlighten them on any phase of the case.

The defendant contends that the suit was prematurely brought, that plaintiff could not bring her action until the work was completed—all the damage done that was to result from the improvements made—and cite several authorities to sustain its contention. The principal object of the defendant

was to fix a new grade for the street and to pave the same, which was done to the curbstone; but did not build the retaining wall high enough to support the sidewalk which would require the addition of some two feet to the height of the wall, which had not yet been done at the time of the trial of the case and there was no indication that the defendant was proposing to complete the wall to that height. At the time of the trial of the case the pavement had been down nearly two years and yet it is said the plaintiff cannot maintain her action for damages until the defendant sees fit to complete the wall, which it may never do although it has fixed the grade, made the fill, paved the street and apparently had done all it intends to do in carrying out the improvements it commenced. The wall seems to be sufficient for the support of the street pavement and satisfies the purpose of the defendant.

A thorough examination of the whole case should satisfy any unbiased mind that substantial justice has been done and the judgment should not be disturbed. *Plate* v. *Durst*, 42 W. Va. 63, 69. We therefore affirm the same.

*Affirmed.*