# CHARLESTON.

Nola Clise *v.* John Prunty

(No. 6599)

Submitted February 18, 1930.   Decided February 25, 1930.

636

*Russell L. Furbee* and *C. Brooks Deveny,* for plaintiff in error.

*Victor Shaw,* for defendant in error.

HATCHER, JUDGE:

The plaintiff seeks to recover damages in this suit for injuries caused by an automobile accident. From a verdict and judgment in her favor, the defendant has secured a writ of error.

The parties are neighbors, residing in Fairmont, West Virginia. The defendant has owned and driven an automobile for about ten years, during which time the plaintiff has been his automobile guest on numerous occasions. She says that they had never had any accident before. On Christmas day, 1927, she and her husband accompanied the defendant on a mutual pleasure trip through Pennsylvania (the objective being Elkins, West Virginia, the home of her parents). The day was cold and there were snow and ice at places on the road. The defendant's car was equipped with tires having a "heavy tread" and proceeded without apparent difficulty or skidding of any consequence until it arrived at the place where plaintiff was injured. The accident occurred beyond Uniontown, in Pennsylvania, upon a down grade over which the defendant was driving at a moderate speed in second gear. The description of the place as given by the plaintiff's husband is that it looked just like "a frozen river" across the road. He said they "were right on it" when it was first observed. In attempting to cross the ice, the car skidded out of the road and turned over the hill causing the plaintiff's injuries.

The negligence upon which recovery is predicated is the driving of the car without chains and with defective brakes. The plaintiff testifies that after the accident defendant said

to her "had he had his chains on and his brakes would have been good before he got to the ice, he could have stopped". Plaintiff's husband states that defendant said that if the chains had been on "probably we wouldn't have went over the hill".

There is little, if any, difference between the declarations of this court and those of the court of Pennsylvania on the law applicable to a case like this. But as the injury occurred in Pennsylvania, plaintiff's right of recovery will be tested by the decisions of that state. *Owen* v. *Power Co.,* 78 W. Va. 596; Goodrich, Conflict of Laws, 188; 5 R. C. L. 1036; 12 C. J., p. 452, sec. 35. *Ordinary care* for the safety of an invited guest is the degree of care imposed by that court upon the driver of an automobile. *Ferrell* v. *Solski,* 278 Pa. 565.

Nothing had occurred prior to the accident indicating a need of chains. Some of the cars met were equipped with chains and some were not. Shortly before the accident the defendant had discussed with plaintiff's husband the advisability of putting on chains, and they had concluded that it was not necessary, as other cars were getting over the road without chains. Plaintiff's husband testified that "the road seemed to be alright". The man of extraordinary prudence might have considered chains advisable, but there is nothing in the record to show that ordinary care required their use.

The car was equipped with hydraulic brakes. They were operated in connection with cylinders, which were leaking slightly. Plaintiff's husband testified that defendant said his brakes were not "anything extra", but he thought he "could get along with them alright". The road was through a hilly country. There is no evidence that the brakes had in any way failed to control the car prior to the accident, or that the car could not "get along with them alright". Plaintiff's husband said that they came upon the ice (which caused the accident) suddenly; that defendant did not use the brakes, "he was trying to keep the car in the road". Defendant's opinion, formed afterwards, as to what he could have done before the accident is not determinative of negligence. That must appear from his conduct beforehand. He had driven

some fifty miles that morning without encountering dangerous ice. No reason is given why he should have anticipated such an emergency. The brakes were evidently sufficient for ordinary use. If he had applied them and they had not controlled the car as it approached the ice, there would be some basis for his opinion. But when he made no attempt to use them, we cannot say that their defective condition was a contributing factor of the accident.

The plaintiff had made herself comfortable in the rear seat of the car, was reading at the time of the accident, and as she says, was "trusting it all" to the defendant. She says she did not know the brakes were defective, but she admits that she saw the defendant pumping up the brake cylinders several times during the trip. She says she did not know whether chains were on the car. Had she been mindful she would necessarily have known that the car was without them, from the absence of noise of chains. She was fully aware of occasional patches of snow and ice on the road, and as one long accustomed to automobiles in that section she cannot escape the imputation that she knew chains should be used whenever there was danger from snow and ice. She was familiar with the general character of the road over which they were proceeding. She had adequate opportunity to protest the condition of the brakes and the absence of chains if she had so desired. As a guest she was not required to exercise the same degree of care for her safety as the driver of the automobile. But she could not shunt the entire responsibility upon him. She herself should have exercised ordinary care for her own welfare. If she knew or by due diligence should have known that defendant was not taking proper precautions, it became her duty to remonstrate. Where possible danger is reasonably manifest to an invited guest, and she sits by without warning or protest to the driver and permits herself to be driven carelessly to her own injury, she becomes a co-adventurer in the risk and is thereby barred of recovery. *Hardie* v. *Barrett*, 257 Pa. 42, 46; *Minnich* v. *Transit Co.*, 267 Pa. 200; *Nutt* v. *R. R. Co.*, 281 Pa. 372, 377-8.

Therefore even if it be admitted that defective brakes and absence of chains caused or contributed to plaintiff's injury,

still she cannot recover because the evidence indicates her assent to the condition of the car.

Some technical errors are charged by the defendant, but as we reverse the case on its merits, further discussion is unnecessary.

The judgment of the lower court is reversed and a new trial awarded.

*Reversed; new trial awarded.*