E. C. HEROLD *v.* C. C. CLENDENNEN

(No. 7056)

Submitted September 29, 1931. Decided October 6, 1931.

122

*Jarrett & Wilson* and *J. E. Buckley, for plaintiff in error.*
*A. P. Edgar* and *F. R. Hill,* for defendant in error.

WOODS, JUDGE:

This writ is prosecuted from a judgment in favor of plaintiff for injuries sustained while riding with the defendant in the latter's automobile.

The automobile, which was being operated by the defendant, overturned at a point some thirty feet or more north of the southern end of a 300 yard straight-of-way on the Seneca Trail at Campbelltown. The highway to the north descends a long hill and comes into the straight-of-way on a steep curve, and to the south turns to the right across a bottom to a bridge. On the day of the accident, that portion of the highway between the straight-of-way and the bridge was under repair. A barrier stood across the travelled portion of the way just inside the curve. A detour, wide enough to accommodate one way traffic, dropped off the highway to the left at a slight tangent at the barrier. About five o'clock in the afternoon the plaintiff and defendant, returning from a turkey hunt a number of miles to the north, came down the hill into the straight-of-way. Some little distance north of

the foot of the hill, a car bearing an Ohio license had over-taken and passed defendant's car. Defendant, without check-ing his speed (admitted to be 40 miles per hour), drove into the straight-of-way and to within approximately 25 feet of the Ohio car (then proceeding at about 10 to 15 miles per hour), blew for the road and speeded up to about 45 miles per hour. The Ohio car at that time was to the right, or just about the center of the hard surfaced portion of the highway, and apparently moving to the left, at the signal of a work-man, to take the detour. Defendant finding himself crowded by the Ohio car, attempted to slow down and pull in behind the latter. In so doing the car turned abruptly to the right and rolled over one and one quarter times in the direction of the barrier, striking the rear bumper of the Ohio car.

It also appears from the evidence that plaintiff was riding on the front seat with the driver; that he was experienced in the operation of automobiles; that he knew of the barrier and the detour, having observed the former when defendant's car turned into the straight-of-way; that he appreciated the sig-nificance of the presence of the Ohio car and its movements. Yet, he did not at any time remonstrate with the driver in regard to the manner in which the car was being operated. Defendant testified that he was watching the car ahead and forgot about the detour and barrier, although he and plaintiff had driven over it early that morning.

The declaration alleges that defendant improperly, care-lessly, negligently and unlawfully drove and operated his au-tomobile at a greater speed than that permitted by law, to-wit, in excess of 35 miles per hour, and without any warning or reason therefor, abruptly, suddenly and sharply swerved and turned said automobile to the right while travelling at an excessive and dangerous rate of speed.

The controlling question presented by the record is whether or not plaintiff, by his failure to remonstrate, contributed to his own injury.,

This Court, in the case of *Clise* v. *Prunty,* 108 W. Va. 635, which involved an accident in the State of Pennsylvania, held that, under the laws of that state, the driver in an automobile owes to an invited guest reasonable care for his safety; but

the guest must exercise ordinary care for his own safety; and when he knows, or by due diligence should know that the driver is not taking proper precautions, it becomes the duty of the guest to remonstrate; and failure to do so bars his right to damages in case of injury. There is a singular unanimity of decisions by the courts of the country in this regard. Blashfield, Cyc. Auto. Law, p. 1040; Huddy on Auto., (5th Ed.), sec. 678; *Harding* v. *Jesse,* 189 Wis. 652; *Lavine* v. *Abramson,* 142 Md. 222; *Tennessee Cent. R. R. Co.* v. *Vanhoy,* 143 Tenn. 312; *Nagle* v. *Jones,* 115 Kan. 140; *Bohmer's Admrx.* v. *Traction & Terminal* Co., 212 Ky. 524. The same doctrine finds support in our own cases. See *Warth* v. *County Court,* 71 W. Va. 184; *Waller* v. *Railroad Co.,* 108 W. Va. 576. We, therefore, adopt the doctrine laid down in *Clise* v. *Prunty, supra,* as the law of our own jurisdiction.

The general rule is that the extent to which one riding as a guest should anticipate an impending peril and act in relation thereto depends upon the facts of each case, and ordinarily the question of the exercise of due care on the part of the plaintiff is for the jury, under proper instructions.

If a driver in his travels violated the speed laws a number of times and at the moment of the collision has slowed down to a lawful rate of speed and the accident ensued while he was so going, his fast driving would have had no causal relation possibly to the final event. The accident so far as speed is concerned would have been a mere fortuity. However, in the instant case, the causal connection is quite manifest. The unlawful speed had been indulged in for practically the entire return trip, and was still being maintained just prior to and at the time of the accident in an apparent hope of overtaking and passing the Ohio car which had passed defendant's car a short distance back. When the accident occurred all that high speed could accomplish was accomplished. After the driver found it impossible to pass the Ohio car his sudden endeavor to prevent a collision was merely an attempt to prevent injury coming to him by reason of the speed indulged in theretofore. The guest during all this fast speed culminating in misfortune

had not objected to it, nor had he done anything to evidence the fact that he was not in entire accord with the will of the driver.

That the unlawful speed of the defendant's car at the time of the accident was the contributing cause thereof seems plain. It approached that place, according to a disinterested witness, ''roaring like an aeroplane''. Had plaintiff made objection to the speed of the car during the previous period of travel, he would be in position now to claim that the negligence of the driver was the sole cause of the injury. No matter how indelicate the matter of remonstrating may be on his part, the cited authorities make such action necessary, if he would hold his host liable for damages in case of an accident due to negligent operation of the car.

The plaintiff's instructions Nos. 1, 3 and 5 limited his duty to remonstrate to the time of the actual swerving of the car to the right. They circumscribe his duty entirely too much. Then again, No. 3 assumes that plaintiff had remonstrated a fact not borne out by the evidence. This was error. *Kuykendall* v. *Fisher*, 61 W. Va. 89. Its giving indicated to the jury that the court considered there was testimony to that effect, and was therefore prejudicial to the defendant.

As the case must go back for another trial, the facts surrounding the accident, which were illy developed, may be properly presented.

*Judgment reversed; verdict set aside; new trial awarded.*