LINA V. BROWNING *v.* C. H. TOLLEY

(No. 7107)

Submitted January 27, 1932.    Decided February 16, 1932.

*File, Goldsmith & Scherer,* for plaintiff in error.
*A. P. Edgar,* and *Ben H. Ashworth,* for defendant in error.

LITZ, JUDGE:

Plaintiff, Lina V. Browning, obtained a verdict and judgment of $15,000 against defendant, C. H. Tolley, for personal injuries received by her while riding with him as his automobile guest.

About 5:30 P. M., September 20, 1930, Tolley and Miss Browning (twenty and twenty-four years of age, respectively), left the store of Raleigh Hardware Company in Beckley (where they were regularly employed) upon his invitation to convey her to her home, in the city, in his Ford roadster. On reaching South Kanawha Street, which runs north and south and serves also as a state highway, he suggested a deviation from the direct route. She readily acquiesced, and they drove south, about a mile, on South Kanawha Street to the corporate limits. Turning to retrace their course, they traveled about one-half mile north when the left rear wheel and fender of the Ford collided with the left front wheel and fender of another car, coming from the opposite direction, driven by

C. B. Holland, attempting to enter Johnstown Road, connecting with South Kanawha Street on the east. The Ford overturned, seriously injuring plaintiff and defendant. Fifty feet north of the junction of South Kanawha Street and Johnstown Road, Beaver Avenue joins South Kanawha Street from the west. There is a filling station on the northeast corner of the junction at Johnstown Road where the sidewalks on both thoroughfares have been reduced to street level. Although South Kanawha Street slopes slightly north and south from its connection with Johnstown Road, it is straight and the view of a motorist approaching the junction from either direction is unobstructed for several hundred feet.

Defendant testified that he drove from forty to forty-five miles an hour going out South Kanawha Street, and returning until he had "almost reached" Johnstown Road when he reduced the speed of his car to twenty-five or thirty miles an hour; that the Holland car, when he first observed it, was proceeding along the west side of the street with no indication that the driver intended to turn into Johnstown Road; that his attention was then momentarily drawn to a car approaching from Johnstown Road, driven by M. E. Davis, and on looking ahead immediately thereafter he was confronted by the Holland car turning diagonally to the left to enter Johnstown Road across the corner of the filling station lot; that he swerved his car to the right as much as was possible without striking the pillars of the filling station to avoid the collision. Defendant is substantially corroborated by plaintiff as to the suddenness with which the Holland car turned into the path of the Tolley car. Holland testified that on reaching Beaver Avenue, he extended his hand to indicate his intention of turning into Johnstown Road; that he observed the Davis car approaching from Johnstown Road, but did not see the Tolley car until it was "right in front of" him going "at high speed." His wife and a friend in the car with him, stated that he had just cut his wheels to the left when the collision occurred. Plaintiff testified that the defendant was "speeding" at the rate of forty-five to fifty miles an hour after reaching South Kanawha Street until the time of the accident; and that about half way back from the point where

the car turned at the city limits to the place of the accident, she said: "Tolley you are going to kill me some time." She made no other comment protesting the speed of the car, and does not undertake to say whether he heard her or had an opportunity to reply to her remark before the collision. In response to the question, "What statement, if any, did he (Tolley) make in reply to that remark by you?," she said: "Well, I don't know. I don't think he had a chance. I don't remember." He did not, according to her testimony, reduce the speed of the car. He testified that he had no recollection of any such comment by her at any time during the trip.

The undisputed evidence and circumstances clearly show that Holland turned into the path of the Ford roadster without looking ahead for a clear road. The negligence of defendant, if any, was therefore due to the speed of his car which made it impossible for him to meet the emergency created by Holland who could use only his left foot in manipulating his brake pedal, owing to a crippled condition of his right foot.

It does not appear whether the defendant heard the alleged remark of plaintiff or, if he did so, why she did not further complain upon his failure to reduce the speed of the car before the accident. Inasmuch as she realized the danger incident to "speeding," the burden of proving that she did not acquiesce therein was cast upon her. "The rule that contributory negligence is a matter of defense, and that the burden of establishing it upon the defendant, obtains in the Supreme Court of the United States and in the courts of many of the states of the Union, Virginia included; but in all those jurisdictions, where contributory negligence is held a matter of defense, whenever the plaintiff's own case raises the presumption of contributory negligence, the burden of proof is immediately upon him. In such a case it devolves upon the plaintiff as of course to clear himself of the suspicion of negligence that he himself created. He must make out his case in full, and, where the circumstances attending the injury were such as to raise a presumption against him in respect to the exercise of due care, the law requires him to establish his freedom from contributory fault." *Southern*

*Railway Company* v. *Bruce's Admx.* (Va.) 33 S. E. 548, 551.

The judgment is, therefore, reversed, the verdict set aside and a new trial awarded.

*Judgment reversed; verdict set aside; new trial awarded.*