QUENTIN HURT, EXECUTOR OF THE ESTATE OF DOROTHY LUCILLE HURT

*v.*

JOHN C. GWINN

(No. 10817)

Sumbitted September 11, 1956. Decided November 27, 1956.

*Mahan, White & Higgins,* for plaintiff in error.

*Laird & Summerfield, W. G. Thompson,* for defendant in error.

GIVEN, JUDGE:

This action, prosecuted by Quentin Hurt, as executor of the estate of Dorothy Lucille Hurt, in the Circuit Court of Fayette County, was for recovery of damages for the death of Dorothy Lucille Hurt, alleged to have been caused by the negligence of defendant, John C. Gwinn, in the operation of an automobile owned and being driven by him, in which automobile decedent was riding at the time of the accident which resulted in her death. Judgment based on a verdict of the jury was entered against defendant in the amount of $8,000.00.

The accident occurred on January 1, 1954, about twelve thirty P.M., approximately three tenths of a mile south of Honey Creek Bridge, near Chimney Corner in Fayette County, on a paved public highway. The highway, at the time and place of the accident, was dry. It was winding and slightly down grade, in the direction defendant was traveling. The paved portion thereof was twenty three and one half feet wide. To the right of defendant, as he was traveling, there was a very steep or precipitous bank, leading from the highway into New River. There were guard rails about "a foot and eight inches" from the edge of the paved portion of the highway at the point where the accident occurred, along the edge to the right of the driver.

At the time of the accident, three persons were riding in the automobile. Defendant was driving. Dorothy Lucille Hurt was riding on the front seat, between defendant and Russell James, the third occupant of the car. The defendant Gwinn was the only eye witness to the accident who testified at the trial. Dorothy Lucille Hurt died from the effects of her injuries on July 5, 1954, before the trial. Russell James was not called to testify. Evidence of members of the Department of Public Safety who arrived at the scene of the accident a short time after it occurred, however, established that "The automobile had come from the left lane—the skid marks started from the left lane"; and that the skid marks crossed

the center line of the paved portion of the highway across the right lane of the highway, where the automobile struck and broke down three guard posts, turning over "on its top in the left lane". The skid marks indicated that after it began to skid the automobile traveled approximately eighty feet before it struck the guard posts, and approximately sixty feet after it hit the guard posts. Dorothy Lucille Hurt was thrown from the automobile and was unconscious when admitted to a hospital. James was also thrown from the automobile and was found about two hundred feet over the steep bank, between the highway and New River. Defendant was not seriously hurt, and promptly notified members of the Department of Public Safety of the accident. The speed limit applicable to the motor vehicle driven by defendant was, at the point of the accident, fifty five miles per hour. According to the testimony of defendant, he was traveling between "45 and 50 miles an hour" immediately before the accident occurred, and for some time previously.

The principal contentions of defendant are: (1) That plaintiff failed to prove negligence on the part of Gwinn; (2) that plaintiff's decedent was contributorily negligent as a matter of law and therefore precluded from recovering damages; (3) that it was error for the trial court to admit evidence as to medical and funeral expenses of decedent; and (4) that it was error to admit evidence relating to the physical ability of Dorothy Lucille Hurt to give a deposition between the time of her injury and the time of her death. These contentions make it necessary to further detail the facts leading to the time of and surrounding the accident.

The plaintiff, Quentin Hurt, and Dorothy Lucille Hurt, husband and wife, at the time of the accident and for some time prior thereto, owned and operated a "grill" or small restaurant in the City of Oak Hill. On the morning of the accident, January 1, 1954, Mrs. Hurt opened the grill about five A.M. Mr. Hurt, having worked at the grill late the night before, remained in bed in a room adjoining the grill until about nine A.M. of that day. At

about nine A.M. defendant, who distributed newspapers in the vicinity of Oak Hill, having finished his work for the day, went into the grill for the purpose of obtaining a cup of coffee. Mrs. Hurt and Russell James were then in the grill and James then had in his possession about one half pint of whisky in a pint bottle. James and Mrs. Hurt drank the whisky, taking two drinks each. James and the defendant then drove in defendant's automobile to a "bootlegger" a short distance from Oak Hill, where they purchased a pint of whisky. After returning to the grill, the bottle was opened, and James and Mrs. Hurt each had a drink of whisky. Mrs. Hurt, defendant and James, at the suggestion of Mrs. Hurt, then drove to East Oak Hill in her automobile, with Mrs. Hurt driving. They each had another drink of whisky along the highway, using a "chaser" taken along by Mrs. Hurt. Upon arriving at Oak Hill, Mrs. Hurt parked her automobile some distance from the grill. Defendant then walked to the grill and drove his own automobile back to where Mrs. Hurt had parked her automobile. Defendant, James and Mrs. Hurt, in defendant's automobile, defendant driving, then drove through Glen Jean, across Batoff Mountain, through Prince, Quinnimont, Layland, Babcock State Park, to U. S. Route 60, followed U. S. Route 60 west to its intersection with U. S. Route 21 at Chimney Corner, and followed U. S. Route 21 to the place where the accident occurred. In the course of this drive several stops were made, sometimes for the purpose of drinking whisky, participated in by each, all of the whisky purchased by defendant and James having been consumed before the time of the accident. Defendant admits that during such drive he was "feeling" his drinks, but denies being intoxicated. There appears no doubt, from the evidence now before us, that James and Mrs. Hurt were under the influence of intoxicating liquor from the time they entered defendant's car until the time of the accident. The evidence also indicates that Mrs. Hurt furnished the money to purchase the "bootleg" whisky, and that the drive in defendant's automobile was at her suggestion. It is also testified to that the parties

attempted to purchase more intoxicating liquor before reaching Chimney Corner. There is no evidence that Mrs. Hurt or James at any time made any protest concerning the driving of defendant or the continuing of the drive. We should state, however, that the facts herein recited, except as to certain testimony relating to the actions and appearance of one or more of the parties at the times of stopping along the route traveled by them, are based largely on the testimony of defendant. His testimony is, however, not contradicted.

The members of the Court are not in full accord as to whether the facts proved establish negligence on the part of defendant in the operation of his automobile, or whether negligence may be inferred from such facts. The view the Court holds as to whether plaintiff is precluded from recovery because of contributory negligence of decedent, as a matter of law, assuming defendant to have been guilty of negligence, makes it unnecessary, if not inadvisable, to discuss here the question of negligence of defendant. Though defendant was guilty of negligence, which contributed proximately to the injury which resulted in the death of decedent, we think that plaintiff can not recover because of contributory negligence of his decedent. For reasons apparent, questions posed, other than contributory negligence of decedent, need not be further considered.

This Court has uniformly held that a guest riding in an automobile, injured through negligence of the operator of the automobile, can not recover damages for such injury unless the guest has used reasonable precaution for his own safety. *Wilson* v. *Edwards,* 138 W. Va. 613, 77 S. E. 2d 164; *Kelly* v. *Checker White Cab Co.,* 131 W. Va. 816, 50 S. E. 2d 888; *Young* v. *Wheby,* 126 W. Va. 741, 30 S. E. 2d 6; *Boyce* v. *Black,* 123 W. Va. 234, 15 S. E. 2d 588; *Eagon* v. *Woolard,* 122 W. Va. 565, 11 S. E. 2d 257; *Darling* v. *Browning,* 120 W. Va. 666, 200 S. E. 737; *Oney* v. *Binford,* 116 W. Va. 242, 180 S. E. 11; *Browning* v. *Tolley,* 111 W. Va. 548, 163 S. E. 10. Such guests, of course, "are not required to be constantly at

the height of attention and alertness in order to raise an instant alarm if danger should arise", but such a guest "must exert reasonable care for his own safety". *Darling* v. *Browning, supra.* In *Herold* v. *Clendennen,* 111 W. Va. 121, 161 S. E. 21, this Court held: "1. Under the laws of this state, the driver of an automobile owes to an invited guest reasonable care for his safety; but the guest must exercise ordinary care for his own safety, and when he knows, or by due diligence should know, that the driver is not taking proper precautions, it becomes the duty of the guest to remonstrate; and failure to do so bars his right to damages in case of injury". The opinion in that case also points out that the duty of such a guest to use reasonable care is not necessarily or always limited to the time immediately before the injury. See *Miller* v. *Blue Ridge Transportation Co.,* 123 W. Va. 428, 15 S. E. 2d 400.

The evidence before us leaves no doubt that the three persons who took the drive in defendant's automobile from Oak Hill to the place where the accident occurred, had been drinking intoxicating liquor prior to the commencement of the drive, each having knowledge of the drinking by the others. Neither is there any doubt or evidence to the contrary that they continued to drink "bootleg whisky" during the course of the drive. It seems definitely established by such evidence that Mrs. Hurt and James drank excessively and were definitely under the influence of intoxicants during the time of the drive. Defendant admits that he was "feeling" his drinks, but contends that he was not intoxicated to the extent that his driving ability was lessened. It is not questioned that each of the three voluntarily entered into the venture of the drive and the hazards thereof. It is strongly indicated that the drive was taken at the suggestion of Mrs. Hurt. It can not be doubted, in such circumstances, that each of the parties was fully cognizant of the hazards of such a drive from the time of the commencement thereof. A guest passenger voluntarily following such course of known hazardous conduct, fraught with strong

possibility of the very type of accident which occurred, can not be permitted to recover merely because she had no opportunity to escape injury after the accident began to take place—in the instant case, after the automobile of defendant began to skid. The fact can not be avoided or ignored that plaintiff's decedent had a number of opportunities to leave the automobile of defendant after the trip began and after she had knowledge, or should have had knowledge, in the known circumstances, of the great danger incident to the drive. *Miller* v. *Blue Ridge Transportation Co., supra; Oney* v. *Binford, supra; Adams* v. *Hutchinson,* 113 W. Va. 217, 167 S. E. 135; *Browning* v. *Tolley, supra; Herold* v. *Clendennen, supra; Clise* v. *Prunty,* 108 W. Va. 635, 152 S. E. 201.

In *Young* v. *Wheby,* 126 W. Va. 741, 30 S. E. 2d 6, Mrs. Young, a guest riding in the automobile of defendant, sought damages based on alleged negligence of defendant. Plaintiff was held guilty of contributory negligence. The Court pointed out that "Whether her conduct is more accurately characterized as contributory negligence or as an assumption of risk, the result is the same. She is barred from recovery of damages for her injury". See *Wilson* v. *Edwards, supra; Kelly* v. *Checker White Cab Co., supra; Gilmore* v. *Huntington Cab Co.,* 124 W. Va. 469, 21 S. E. 2d 137; *Oney* v. *Binford, supra; Adams* v. *Hutchinson, supra.* In view of these authorities, we are forced to hold that the negligence of plaintiff's decedent bars recovery, in so far as the record now before us is concerned.

We are not unmindful of the many decisions of this Court to the effect that questions of negligence and contributory negligence are ordinarily questions for juries. It is just as well settled, however, that it is the duty of courts to set aside verdicts of juries when not supported by sufficient evidence, or clearly against the preponderance of the evidence.

The judgment complained of is reversed, the verdict

of the jury set aside, and the defendant awarded a new trial.

*Reversed;*
*verdict set aside;*
*new trial awarded.*