HELEN KENDALL

*v.*

RUTH ALLEN AND GEORGE BROWN

(No. 12284)

Submitted May 19, 1964.        Decided June 30, 1964.

*William L. Jacobs,* for appellant.

*Robert B. McDougle, Fred L. Davis, McDougle, Davis, Stealey & Morris,* for appellees.

CAPLAN, JUDGE:

This action arose out of an automobile accident which occurred in the early morning of September 25, 1960, on West Virginia State Route No. 2, just north of the City of Parkersburg in Wood County. The plaintiff, Helen Kendall, was a passenger in an automobile owned by defendant George Brown and being driven by defendant Ruth Allen at the time of the accident. Claiming injuries resulting therefrom, the plaintiff sought to recover damages from both defendants, alleging in her complaint that each of said defendants was guilty of negligence.

Upon the trial of this case the jury returned a verdict in favor of both defendants and the circuit court entered judgment on that verdict. To that judgment the plaintiff prosecutes this appeal. Subsequent to the granting of the appeal by this Court, defendant Brown filed a cross-assignment of error wherein he asserts that the trial court erred in refusing to direct a verdict in favor of the defendants at the conclusion of all the evidence. Defendant Allen did not appear at the trial, nor was she represented by counsel.

An examination of the record discloses that the facts are not substantially in dispute. The plaintiff, Helen Kendall, at approximately one o'clock on the morning of the accident, left her home to go to an establishment in the City of Parkersburg, known as the Steak House, to obtain some cigarettes and to get something to eat. She arrived at the Steak House at about 1:15 A.M., purchased her cigarettes and drank a cup of coffee. Shortly thereafter she went into another portion of this establishment, known as the Wheel Club, where she saw the defendant, Ruth Allen. Having been previously acquainted with Ruth Allen, they sat at a table and engaged in conversation. During that time defendant Allen ordered a drink and the plaintiff ordered a "tall vodka and water with a little lemon". Although she did not remember what Ruth Allen was drinking, the plaintiff testified that they sat there for approximately forty-five minutes, each having only the one drink during that time.

Thereafter, the plaintiff went to the cloakroom for her cigarettes and met the defendant, George Brown, who was sitting at the bar, and whom she previously had known. She stopped to talk with him and he ordered a vodka and water for her. Defendant Allen joined them at the bar and Brown also bought her a drink. The plaintiff testified that these two drinks, as she recalled, were all that each of them consumed. Defendant Brown testified that he had three drinks and that he had purchased more than one drink for the plaintiff and defendant Allen. Brown does not contend that any of the three was intoxicated but he does say that he could feel the effects of the drinks he had consumed.

The bar closed at approximately 3:00 A.M., and these three parties proceeded into the Steak House, the restaurant portion of this establishment. The plaintiff saw no further drinking of alcoholic beverages after leaving the Wheel Club, nor does the record disclose that there was any further drinking by the parties here involved. Helen Kendall testified that she did not feel any effects from the drinks nor did she notice that either of the defendants was affected thereby. While in the Steak House the

plaintiff and defendants ordered breakfast and had several cups of coffee.

Between 4:00 and 4:30 A.M. they left the restaurant and all three got into Defendant Brown's car for the purpose of taking Mrs. Kendall home. Brown was driving at that time. After they arrived at the plaintiff's home defendant Allen suggested that they all take a ride. This was agreed upon and they proceeded to drive out on State Route No. 2 in a northerly direction. The plaintiff testified that they turned around two or three times to take her home, but this testimony was denied by Brown. It is undisputed, however, that while headed in a northerly direction on State Route No. 2, Brown stopped the car and he and defendant Allen got out and stood talking for a short time. The plaintiff could not hear what they were saying. When they entered the car again, Brown got in the back seat on the left side, and defendant Allen became the driver. The testimony reveals that none of the parties noticed any visible signs of intoxication at that time. The plaintiff also said she was unaware that defendant Allen had no driver's license.

As Ruth Allen proceeded to drive, the car jerked a few times and, according to the plaintiff, Brown told Allen, "I thought you could drive or I wouldn't have let you under the wheel." A short time thereafter, at approximately 5:00 A.M., the car swerved off the road and up an embankment, causing the injuries about which the plaintiff complains.

Though the plaintiff relies on numerous assignments of error for the reversal of the judgment below, our conclusions regarding the granting of three instructions by the trial court, over the objections of the plaintiff, render unnecessary the consideration of other assignments. These instructions are "Brown's Instruction No. 19", "Brown's Instruction No. 20", and "Defendant's Instruction A". Because of their pertinence to this discussion these instructions are set out in full, as follows: "Brown's Instruction No. 19. If the jury believes from a preponderance of the evidence that the inexperience of Ruth

Allen in driving a Thunderbird automobile was a proximate cause of the accident and Helen Kendall's injuries, they should return a verdict for the defendants, Ruth Allen and George Brown."

"Brown's Instruction No. 20. If the jury believes from a preponderance of the evidence that the drinking of alcoholic beverages on the part of Ruth Allen was a proximate cause of the accident and Helen Kendall's injuries, they should return a verdict for the defendants, George Brown and Ruth Allen."

"Defendants' Instruction A. If the jury believes from a preponderance of the evidence that the accident resulted as a natural and probable consequence of (1) any inexperience of Ruth Allen in driving a Thunderbird automobile (2) or of any drinking of alcoholic beverages on the part of Ruth Allen combining and concurring with any failure of Ruth Allen to maintain and keep such control of the Thunderbird automobile immediately before and at the time and place of the accident as an ordinarily reasonable prudent person would have under the circumstances and conditions shown by the evidence to exist at the time and place of the accident all three of such acts or any two of such acts concurring as the proximate cause of the accident, then the jury should return a verdict for the defendants, Ruth Allen and George Brown."

Each of the above instructions is binding in nature and as such must be complete within itself. This was succinctly stated in *Graham* v. *Wriston,* 146 W. Va. 484, 120 S. E. 2d 713, wherein this Court said: "Rather, we believe, the sufficiency of the instruction in this case must be tested on the basis of the rule that a binding instruction, directing a verdict for a party, if the jury believe certain facts therein enumerated are established by the evidence, must not omit any fact or facts essential to such a finding, because a binding instruction of that nature must be complete in itself and can not be supplemented to that extent by other instructions given." Similar expressions were voiced by this Court, relative to incomplete instructions, in the following cases: *Ebert* v. *Ebert,* 120 W. Va. 722,

200 S. E. 831; *Barnes* v. *City of Grafton*, 61 W. Va. 408, 56 S. E. 608; *State* v. *Taylor*, 57 W. Va. 228, 50 S. E. 247.

The three instructions quoted above told the jury that if they believed that the inexperience of defendant Allen in driving a Thunderbird automobile, the drinking of alcoholic beverages by Allen or any failure on her part to maintain control of the automobile, or any two of the above acts concurred and constituted the proximate cause of the accident, then the jury should return a verdict for defendants Allen and Brown. These binding instructions, being incomplete, effectively took the case away from the jury. The factors related therein were the acts upon which the plaintiff relied as constituting negligence on the part of the defendants.

The factors of contributory negligence and assumption of risk on the part of the plaintiff were ignored entirely in formulating the foregoing instructions. As they were written, the jury was instructed to find that the wrongful acts of defendant Allen constituted a defense for both defendants. Certainly, such instructions are incomplete. "Binding instructions, ignoring vital issues in a case, should not be given, even though such issues are presented by other separate and distinct instructions." 10 M.J., Instructions, Section 17. In order for these instructions to have inured to the benefit of the defendants, it would have been necessary for them to have contained language which would have permitted the jury to determine whether contributory negligence or assumption of risk existed on the part of the plaintiff. Without such language the instructions are incomplete and the giving thereof constitutes reversible error.

Not only are these instructions incomplete, but they clearly fail to present a correct statement of law. To constitute a correct statement of law language should have been included whereby the jury could consider whether the plaintiff assumed any risk or was guilty of contributory negligence. It is a well established principle that an instruction which incorrectly states the law is erroneous and should be refused. *Walker* v. *Monongahela*

*Power Co.,* 147 W. Va. 825, 131 S. E. 2d 736; *Overton* v. *Fields,* 145 W. Va. 797, 117 S. E. 2d 598; *Wilson* v. *Edwards,* 138 W. Va. 613, 77 S. E. 2d 164; *Moore* v. *Turner,* 137 W. Va. 299, 71 S. E. 2d 342; *Thomason* v. *Mosrie,* 134 W. Va. 634, 60 S. E. 2d 699; *Gilkerson* v. *Baltimore and Ohio Railroad Company,* 129 W. Va. 649, 41 S. E. 2d 188.

It is not seriously contended by counsel for defendant Brown that these instructions are not erroneous. Rather, it is asserted, the verdict was clearly supported by the law and evidence and should not be disturbed by reason of such erroneous instructions. This Court has consistently held that an erroneous instruction is presumed to be prejudicial and warrants a new trial unless it appears that the complaining party was not injured by the giving of such instruction. *Overton* v. *Fields,* 145 W. Va. 797, 117 S. E. 2d 598; *Cato* v. *Silling,* 137 W. Va. 694, 73 S. E. 2d 731, certiorari denied, 348 U. S. 981, 75 S. Ct. 572, 99 L. Ed. 764, rehearing denied, 349 U. S. 924, 75 S. Ct. 659, 99 L. Ed. 1256. We think that it is eminently clear that the giving of these instructions was injurious to the plaintiff.

Defendant Brown further, contends that even if he were negligent, the plaintiff could not recover for the reason that she was guilty of contributory negligence and assumed certain risks by having ridden in an automobile driven by one who had been drinking and by not having left the automobile when she had ample opportunity to do so. He claims, therefore, that he was entitled to a directed verdict. In support thereof he relies upon *Adams* v. *Hutchinson,* 113 W. Va. 217, 167 S. E. 135; *Hurt* v. *Gwinn,* 142 W. Va. 259, 95 S. E. 2d 248; and *Hutchinson* v. *Mitchell,* 143 W. Va. 280, 101 S. E. 2d 73. We believe that the facts in the instant case do not bring it within the rules enunciated in the cases relied upon.

In the *Adams* case there admittedly was considerable drinking at the dance which preceded the ride during which the plaintiff was injured. The principal reason for setting aside the plaintiff's verdict, however, was the speed at which the defendant drove under foggy and generally adverse conditions, and the failure of the plaintiff

in any manner to register a protest. The Court felt that the plaintiff had become a co-adventurer in the risk and could not recover for her injuries. The element of speed or driving under generally adverse conditions was not involved in the instant case.

The evidence in the *Hurt* case clearly showed that there was excessive drinking which continued during the ride in which the accident occurred and which resulted in the death of plaintiff's decedent. Furthermore, it was undisputed in that case that not only did the plaintiff's decedent fail to register any protest, but she actually instigated the drinking spree. The evidence there was so conclusive that this Court set aside the verdict for the plaintiff on the ground that the plaintiff's decedent was guilty of contributory negligence as a matter of law. In the case now before us there is evidence of some drinking but there is no contention in the record that any of the parties was intoxicated or that any drinking had occurred during the drive.

Again, in *Hutchinson* v. *Mitchell, supra,* the evidence of drinking while driving, traveling at excessive speed and the failure of the decedent to take any action for his own protection, was of such magnitude that the Court held that the decedent was guilty of contributory negligence as a matter of law. No such overwhelming evidence appeared in the case at bar. To the contrary, it is undisputed that none of the parties in this proceeding had anything to drink after 3:00 A.M.; that they thereafter had breakfast; and that approximately two hours passed from the time of the last drink until the accident. Furthermore, there was no evidence of intoxication on the part of any of the three parties, nor was there any evidence of driving at excessive speed.

In the circumstances of the instant case, as revealed by the evidence, we can not say that the plaintiff was guilty of contributory negligence as a matter of law. Consequently the defendants were not entitled to a directed verdict. The questions of negligence, contributory negligence and proximate cause are questions of fact for the

jury where the evidence is conflicting or where the facts, though undisputed, are such that reasonable men may draw different conclusions therefrom. *Evans* v. *Farmer*, 148 W. Va. 142, 133 S. E. 2d 710; *Metro* v. *Smith*, 146 W. Va. 983, 124 S. E. 2d 460; *Clay* v. *Walkup*, 144 W. Va. 249, 107 S. E. 2d 498; *Lewis* v. *Mosorjak, et al.*, 143 W. Va. 648, 104 S. E. 2d 294.

For the reasons stated herein, the judgment of the Circuit Court of Wood County is reversed, the verdict of the jury is set aside and a new trial is awarded.

*Reversed; verdict set aside; new trial awarded.*