737 S.E.2d 286

**Alicia K. HALCOMB, Petitioner**

v.

**Christopher G. SMITH, Respondent.**

**No. 11–0386.**

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 19, 2012.

Decided Nov. 21, 2012.

Gary E. Pullin, Esq., Nathan J. Chill, Esq., Pullin, Fowler, Flanagan, Brown & Poe, PLLC, Charleston, WV, for Petitioner.

Michael J. Del Giudice, Esq., Ciccarello, Del Giudice & LaFon, Charleston, WV, for Respondent.

PER CURIAM:

In this appeal from the Circuit Court of Kanawha County, a jury returned a verdict in favor of the plaintiff in a vehicle collision case. The plaintiff—a passenger in the backseat of a vehicle—was injured when the vehicle collided with another vehicle driven by the defendant. The jury determined that the defendant had been negligent and proximately caused injury to the plaintiff.

The defendant appeals contending that the circuit court erred in refusing to instruct the jury to assess whether the plaintiff was comparatively negligent and caused or contributed to his own injuries. We agree that the circuit court erred. We therefore reverse the jury's verdict and remand the case for a new trial.

## I.

### Factual and Procedural Background

On U.S. Route 119, on the southern edge of South Charleston, West Virginia, is a shopping complex called Southridge Center. Several roads lead into, out of, and through this sprawling mecca for consumers. This case arises from a collision of two vehicles at the intersection of two of those roads: Mountaineer Boulevard and Southridge Boulevard.

On February 16, 2007, third-party defendant Edward Keith Withrow was driving his vehicle south on Mountaineer Boulevard. Mr. Withrow proceeded through the stop sign and into the intersection with Southridge Boulevard. Defendant Alicia Halcomb entered the shopping complex and drove her vehicle east on Southridge Boulevard, in the far right of six lanes. There was no stop sign for defendant Halcomb. At the intersection, the front right of defendant Halcomb's vehicle struck the right rear of Mr. Withrow's vehicle. The plaintiff, Christopher Smith, was a passenger in the back seat of Mr. Withrow's vehicle. The plaintiff was injured in the collision.

A jury trial was held in November 2010. The parties presented substantial evidence suggesting that either Mr. Withrow or defendant Halcomb could have been responsible for the collision. Defendant Halcomb contended that plaintiff Smith had a role in the collision, and thereby contributed to his own injuries. Plaintiff Smith testified that, while sitting at the stop sign, he said to Mr. Withrow from the backseat, "It's clear, let's go." The plaintiff further claimed that he didn't see Ms. Halcomb's vehicle turn onto Southridge Boulevard until Mr. Withrow's vehicle was more than halfway through the intersection. Mr. Withrow testified that he never heard the plaintiff say anything. Still, after the plaintiff spoke, Mr. Withrow started out through the intersection and collided with defendant Halcomb.

Based upon plaintiff Smith's testimony, the defendant argued to the circuit court that the jury's verdict form should have allowed the jury to assess the comparative negligence of the plaintiff, if any, and to assess whether he contributed to his own injuries. The circuit court rejected the defendant's arguments.

The jury returned a verdict in favor of plaintiff Smith for $573,542.32. The jury determined that defendant Halcomb was "negligent in the operation of her motor vehicle" and had "proximately caused injury to the Plaintiff, Christopher Smith."

The circuit court subsequently denied defendant Halcomb's post-trial motion for a new trial under Rule 59. The circuit court refused to set aside the jury's verdict and entered a final judgment in favor of the plaintiff. The defendant now appeals the circuit court's January 24, 2011, order denying the defendant's post-trial motions.

## II.

### Standard of Review

■ Defendant Halcomb contends that the circuit court erred when it denied her motion for a new trial. When reviewing a circuit court's decision on such a motion, we have held that:

Although the ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, the trial court's ruling will be reversed on appeal when it is clear that the trial court has acted under some misapprehension of the law or the evidence.

Syllabus Point 4, *Sanders v. Georgia–Pacific Corp.*, 159 W.Va. 621, 225 S.E.2d 218 (1976). *Accord Tennant v. Marion Health Care Found., Inc.*, 194 W.Va. 97, 104, 459 S.E.2d 374, 381 (1995) ("We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.").

### III.

### *Discussion*

■■■ Defendant Halcomb asserts that the circuit court erred in several ways, but we find that only one of those assertions was an error that altered the outcome of the trial.[1] The defendant argues that the circuit court erred by not allowing the jury to assess the comparative negligence of plaintiff Smith. She asserts that the plaintiff contributed to the collision when he told Mr. Withrow, "It's

clear, let's go," before Mr. Withrow drove into the intersection and collided with defendant Halcomb. The defendant argues that the circuit court should have instructed the jury it could consider whether the plaintiff was contributorily negligent, and should have included questions about the plaintiff's negligence on the jury's verdict form.

■■■ It is a settled principle in our law that a passenger in a private motor vehicle has a duty to exercise ordinary care under the circumstances for his or her own safety. *See,* Syllabus Point 8, in part, *Price v. Halstead,* 177 W.Va. 592, 355 S.E.2d 380 (1987) ("Our guest passenger law recognizes the principle of contributory negligence that a passenger has a duty to exercise reasonable care for his own safety."); Syllabus, *Oney v. Binford,* 116 W.Va. 242, 180 S.E. 11 (1935) ("The driver of an automobile owes to an invited guest reasonable care for his safety; but the guest must exercise ordinary care for his own safety, and, when he knows, or by due diligence should know, that the driver is not taking proper precautions, it becomes the duty of the guest to remonstrate; and failure to do so bars his right to damages in case of injury."); Syllabus Point 1, *Herold v. Clendennen,* 111 W.Va. 121, 161 S.E. 21 (1931) ("Under the laws of this state ... the guest

---

1. The defendant contends that the circuit court erred in approving the plaintiff's $100 settlement with Mr. Withrow. She argues that the evidence establishes that the settlement was not in good faith. However, we made clear in Syllabus Point 7 of *Smith v. Monongahela Power Co.*, 189 W.Va. 237, 429 S.E.2d 643 (1993) that a party must prove a settlement was made in bad faith by clear and convincing evidence, and the "determination of whether a settlement has been made in good faith rests in the sound discretion of the trial court." "Settlements are presumptively made in good faith," Syllabus Point 5, *id.*, and "if a defendant attempts to overcome the presumption that a settlement is in good faith by showing that the settlors were motivated by wrongful tactical gain, he pulls an exceptionally heavy oar." 189 W.Va. at 246 n. 13, 429 S.E.2d at 652 n. 13. The trial court did not abuse its discretion.

The defendant further argues that the circuit court was statutorily required to instruct the jury to assess whether Mr. Withrow was negligent, and assess whether that negligence caused or contributed to the plaintiff's injuries. Under

*W.Va.Code,* 55–7–24(a)(1) [2005], a jury must determine "the proportionate fault of each of the parties in the litigation at the time the verdict is rendered[.]" The defendant asserts that because she was still pursuing a property damage claim against Mr. Withrow at the time the verdict was rendered, Mr. Withrow was one of the "parties in the litigation." She therefore contends the jury should have been allowed to apportion fault for the plaintiff's injuries to Mr. Withrow. We, however, reject the defendant's interpretation of the statute. It is clear that, when the jury's verdict was rendered, Mr. Withrow was not a party to any litigation involving the plaintiff.

Finally, the defendant asserts the circuit court erred in giving, or refusing to give, various jury instructions. After consideration of the record, we do not believe the circuit court abused its discretion. *See,* Syllabus Point 1, *State v. Hinkle,* 200 W.Va. 280, 489 S.E.2d 257 (1996) ("As a general rule, the refusal to give a requested jury instruction is reviewed for an abuse of discretion. By contrast, the question of whether a jury was properly instructed is a question of law, and the review is de novo.")

must exercise ordinary care for his own safety[.]").

Defendant Halcomb asserts that plaintiff Smith may have breached a duty of care to himself when he told Mr. Withrow, "It's clear, let's go," before Mr. Withrow drove into the intersection and collided with the defendant. The defendant therefore asserts that the jury should have been permitted to weigh whether that carelessness caused or contributed to the plaintiff's injuries. We agree.

 It is "the jury's obligation to assign the proportion or degree of … negligence among the various parties, beginning with the plaintiff." *Bradley v. Appalachian Power Co.*, 163 W.Va. 332, 342, 256 S.E.2d 879, 885 (1979).

In a comparative negligence or causation action the issue of apportionment of negligence or causation is one for the jury or other trier of the facts, and only in the clearest of cases where the facts are undisputed and reasonable minds can draw but one inference from them should such issue be determined as a matter of law.

Syllabus Point 2, *Reager v. Anderson,* 179 W.Va. 691, 371 S.E.2d 619 (1988).

 We acknowledge the plaintiff's assertion that Mr. Withrow said he did not hear the plaintiff say, "It's clear, let's go." However, the jury might have found this evidence was not credible, and it might have found negligence from other evidence and testimony, if the jury had been given an opportunity to assess the question on the jury's verdict form. "Whether to credit a witness's testimony is normally within the discretion of the trier of fact. A jury may refuse to believe a witness even in cases where the witness has not been impeached or contradicted." 2 Franklin D. Cleckley, *Handbook on Evidence for West Virginia Lawyers* § 6–7(F) at 78 (3rd ed.1994).

The facts of this case are loaded with numerous conflicts, questions that were exclusively in the bailiwick of the jury. The trial court should have permitted the jury to answer the question of whether the plaintiff,

to any degree, influenced the collision when he told Mr. Withrow, "It's clear, let's go."

The jury's verdict should therefore have been set aside, and the trial court erred in not awarding the defendant a new trial. ·

## IV.

### *Conclusion*

The circuit court's January 24, 2011, order is reversed, and the case is remanded for a new trial.

Reversed and Remanded.

Justice DAVIS dissents, and reserves the right to file a separate opinion.

DAVIS, J., dissenting:

In this case, the majority granted the defendant a new trial on the grounds that the trial court erred in failing to give a contributory negligence jury instruction. For the two reasons set out below, I respectfully dissent.

**1. The jury exonerated Mr. Withrow of all liability.** The record in this case shows that the defendant had a third-party suit against Mr. Withrow, the driver of the car in which the plaintiff, Mr. Smith, was a passenger. The jury heard both cases together. The jury rejected the defendant's claim against Mr. Withrow and found that Mr. Withrow was not at fault in causing the accident. This point is crucial because it shows that even if the trial court had given an instruction on contributory negligence in Mr. Smith's case, the jury would have rejected that defense because it found that the driver, Mr. Withrow, was not negligent in the defendant's third-party claim.

In spite of the fact that the jury found that the driver of the car was not at fault in causing the accident, the majority has decided that the trial court erred in not giving a contributory negligence instruction. I find it difficult to discern, under the facts of this case, how Mr. Smith can be held partly liable for the accident as a passenger, when the

driver of the car in which he was riding was *completely exonerated* of *all* fault by the jury.

**2. There was no evidence of contributory negligence.** It has been properly observed that "[b]efore [a] party is entitled to an instruction on . . . contributory negligence . . ., there must be more than a scintilla of evidence introduced on the subject." *Ring v. Poelman*, 240 Va. 323, 397 S.E.2d 824, 827 (1990). It also has been held that "where there is no evidence tending to show contributory negligence on the part of plaintiff, failure to instruct the jury on that subject is not error." Syl. pt. 1, in part, *Salmons v. Norfolk & W. Ry. Co.*, 100 W.Va. 49, 129 S.E. 760 (1925). *Accord Phillips v. Seward*, 51 So.3d 1019, 1025 (Ala.2010) ("In the absence of substantial evidence that Phillips was in some manner negligent, the trial court erred by charging the jury on contributory negligence."); *Sebring v. Colver*, 649 P.2d 932, 935 (Alaska 1982) ("We have carefully reviewed the trial record and have found the evidence of contributory negligence insufficient to warrant a jury instruction."); *Howard v. Sanborn*, 483 N.W.2d 796, 797 (S.D.1992) ("[I]t was improper for the trial court to instruct on the issue of contributory negligence since there was no evidence in the record supporting it."); *Langford v. Arnold*, 707 S.W.2d 521 (Tenn.Ct.App.1985) (holding that jury instruction on contributory negligence was error where there was insufficient evidence to justify submission of such issue to jury); *Ring v. Poelman*, 240 Va. 323, 397 S.E.2d 824, 827 (1990) ("We agree with Ring that the record is devoid of evidence that she was guilty of negligence which proximately contributed to the collision, and we hold that the trial court erred by granting a contributory negligence instruction.").

In the instant case, the majority's opinion fails to cite to *any* evidence of contributory negligence on the part of Mr. Smith. Instead, the majority has based its decision upon the fact that Mr. Smith informed Mr. Withrow that it was clear to proceed across the intersection. This statement, standing alone, is not sufficient evidence to warrant a jury instruction on contributory negligence. At a minimum, there must have been evidence of reasonable reliance on the statement by Mr. Withrow. However, Mr. Withrow testified that he did not hear Mr. Smith tell him the road was clear. Incredibly, the majority concluded that Mr. Withrow's testimony of not hearing Mr. Smith presented a credibility issue for the jury to decide. This conclusion is wrong. To warrant an instruction on contributory negligence requires *evidence* of fault on the part of the plaintiff. To allow the jury to speculate as to what Mr. Withrow heard does not constitute evidence of contributory negligence. Moreover, such a ruling is inconsistent with our longstanding principle that " '[a] jury will not be permitted to base its findings of fact upon conjecture or speculation.' " *Lacy v. CSX Transp., Inc.*, 205 W.Va. 630, 642, 520 S.E.2d 418, 430 (1999) (quoting Syl. pt. 1, *Oates v. Continental Ins. Co.*, 137 W.Va. 501, 72 S.E.2d 886 (1952)).

"This Court has held repeatedly that questions of . . . contributory negligence are for the jury, when the evidence is conflicting or when the facts, though undisputed, are such that reasonable men may draw different conclusions from them." *Shields v. Church Bros., Inc.*, 156 W.Va. 312, 321, 193 S.E.2d 151, 155–56 (1972). *Accord* Syl. pt. 5, *Kendall v. Allen*, 148 W.Va. 666, 137 S.E.2d 250 (1964) ("The questions of negligence, contributory negligence, assumption of risk and proximate cause are questions of fact for the jury where the evidence is conflicting or where the facts, though undisputed, are such that reasonable men may drawn different conclusions therefrom."). Here, there was no conflicting evidence regarding Mr. Smith's conduct as a passenger. Moreover, there was no evidence of undisputed facts showing fault on the part of Mr. Smith. In spite of the lack of *any* evidence of contributory negligence, the majority has granted a new trial on this issue. Our law is quite clear in holding "that an instruction should be given only when it addresses an issue reasonably raised by the *evidence*." *State v. LaRock*, 196 W.Va. 294, 308, 470 S.E.2d 613, 627 (1996) (emphasis added).

Based upon the foregoing, I respectfully dissent.