
# Richmond

ELIZABETH L. NICHOLAS, ET AL. V. HARRISONBURG BUILDING
& SUPPLY COMPANY, INC.

March 8, 1943.

Record No. 2637.

Present, All the Justices.

The opinion states the case.

*George S. Harnsberger*, for the plaintiffs in error.

*Laird L. Conrad*, for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

Harrisonburg Building and Supply Company, Incorporated, plaintiff, brought an action at law against Elizabeth L. Nichols and Georgia W. Nichols, defendants, to recover the sum of $1,450.91.

There was a trial by a jury which resulted in a verdict in favor of plaintiff, in the sum of $1,450.91, with interest from January 1, 1941. Upon this verdict the trial court entered judgment and the defendants are here upon a writ of error awarded by a justice of this court.

The record discloses the following: On August 23, 1940, C. M. Conrad, contractor, entered into a written contract with defendants to build for them a duplex apartment house in Harrisonburg, at the price of $5,487.39. On September 3, 1940, Conrad and defendants entered into a supplemental contract for the benefit of the plaintiff, by the terms of which it was agreed that defendants would "retain from the various statements the Harrisonburg Building Supply's account (which they have asked to be paid in one payment), which will be paid by check made payable jointly to C. M. Conrad and The Harrisonburg Building Supply at the completion of the job."

By letter dated December 17, 1940, Conrad authorized defendants to make check payable directly to plaintiff for materials furnished pursuant to the supplemental contract. While defendants, during the progress of the construction of the building, retained a sufficient sum to pay the plaintiff, they refused to pay it, on the ground that five other material men had filed mechanics' liens on the building, aggregating the amount of $727.92.

When the case was called for trial, defendants filed a plea of *non assumpsit* and an affidavit under the provisions of section 6151 of the Virginia Code, alleging that they were mere stakeholders of the fund in hand, and requesting that

plaintiff and the mechanics' lienors be interpleaded and be required to litigate their respective claims.

In obedience to the interpleader order entered by the court, the mechanics' lien creditors appeared specially and filed a plea setting forth that the court had no jurisdiction to implead them in a proceeding at law, for the reason that the statute relied upon was inapplicable and their rights could only be enforced in a court of equity; that they were not claiming the fund held by defendants, but relied upon the remedy afforded them by section 6437 of Michie's Code relating to mechanics' liens. The court sustained the motion of the lienors and proceeded to try the issue upon the plea of *non assumpsit*.

It clearly appears from the evidence adduced that prior to the execution of the supplemental agreement, plaintiff refused to supply Conrad with material to go into the house of defendants because of Conrad's financial condition. While the defendants deny that they offered any inducement to plaintiff to furnish the material to Conrad, the evidence which the jury accepted is conclusive, that before the supplemental agreement was signed, plaintiff's manager interviewed one of the defendants, explained to her the situation relative to Conrad's financial condition and notified her that the material would not be furnished Conrad "unless they (defendants) did guarantee the account for the materials;" and that the material was furnished on the faith of the supplemental agreement, after the delivery of the same by Conrad to plaintiff.

The evidence of the manager is fully corroborated by Conrad who testified that he informed both defendants "that they would have to guarantee the settlement of the account or I couldn't buy the material from them." Conrad further testified that he obtained various statements of account from plaintiff and delivered them to defendants, and that the amount claimed by plaintiff is correct.

The defendants assign as errors the following:

(1) The court erred in dismissing the mechanics' lien creditors after they had been impleaded; (2) The court

erred in denying defendants the right guaranteed by Code, sec. 5143, of asserting against the plaintiff such defenses as they, the defendants, had against the contractor; (3) The court erred in giving and refusing certain instructions; (4) The court erred in refusing to set aside the verdict of the jury.

There is no merit in the first assignment of error. It is apparent that in filing a notice of motion for judgment plaintiff was asserting a personal demand against defendants. No such personal claim has been or can be asserted by the mechanics' lien creditors. Their claim is against the building of defendants and can only be enforced in a court of equity in the manner prescribed by section 6437 of Michie's Code (Acts 1920, p. 485).

The second assignment of error is without merit for the reason that this is an action to recover upon an implied guarantee made by the defendants to the plaintiff. It is not a suit upon a contract made by the defendants for the plaintiff's benefit, such as is dealt with in Code, sec. 5143.

The third assignment of error challenges the giving of this instruction:

"The Court instructs the jury that if they believe from the evidence that the plaintiff furnished the lumber and other building material to C. M. Conrad for use in the construction of a double dwelling for the defendants, in the amounts and of the value as set forth in the statement of account exhibited with plaintiff's notice for judgment and that the same was so used and that statements were furnished to defendants as provided for under the contract between C. M. Conrad and the defendants, and, that plaintiff furnished said material only after the defendants and C. M. Conrad had signed the supplemental agrement, dated September 3, 1940, and, a signed copy thereof had been delivered to plaintiff and that the agreement to retain and pay set forth in said supplemental agreement was an inducement and known to defendants to be an inducement to plaintiff to furnish said material, then the said defendants

became and are liable to the plaintiff for the amount sued for."

This action of the court is without error. The only debatable question in the case is clearly set forth in the instruction.

Whether plaintiff was induced to furnish the contractor, Conrad, the material, by reason of the promise of defendants to pay for it, was purely a jury question. There was a conflict in the evidence which has been resolved by the jury in favor of plaintiff. Under our decisions, that ends the case upon the conflict of evidence.

It is useless to discuss subordinate questions when the fallibility of defendants' contention is demonstrated by the patent fact that they are not mere stakeholders of the fund, for the reason that, by agreement, they guaranteed the debt of plaintiff. If defendants had not signed the supplemental contract, the plaintiff and other mechanics' lien creditors would have stood on the same plane. The defendants agreed to give plaintiff a preference over the lienors and this they did at their peril.

No error was committed by the court in refusing to give the defendants' instruction which was in derogation of plaintiff's instruction.

The judgment of the trial court is plainly right and is, therefore, affirmed.

*Affirmed.*