# Richmond

VIRGINIA ROHANNA AND GEORGE ROHANNA v. PATSY VAZ-
ZANA AND SAM VAZZANA, PARTNERS, TRADING AS
VAZZANA BROTHERS, AND OTHERS.

VIRGINIA ROHANNA AND GEORGE ROHANNA v. PATSY VAZ-
ZANA AND SAM VAZZANA, PARTNERS, TRADING AS
VAZZANA BROTHERS, AND OTHERS.

November 22, 1954.

Record Nos. 4281, 4282.

Present, Eggleston, Spratley, Buchanan, Miller, Smith and Whittle, JJ.

The opinion states the case.

*Sacks & Sacks*, for the appellants.

*Jett, Sykes & Howell*, for the appellees.

WHITTLE, J., delivered the opinion of the court.

These appeals involve separate suits instituted for the purpose of enforcing mechanics' liens. The facts and circumstances are the same in each suit, and by agreement they were consolidated on appeal. One case grows out of work performed by appellees on the home of appellants located in the city of Norfolk, and the other involves the construction of a new dwelling by appellees for appellants in Norfolk county.

Judgments were obtained against the Rohannas by Vazzana Brothers as general contractors amounting to $11,589.19 on the new construction in the county, and $9,533.88 for the remodeling of the home in the city.

Several materialmen who furnished supplies on the jobs were granted personal judgments against the Rohannas in the decrees appealed from, and the entry of such judgments is assigned as error. It was stated by counsel for the materialmen in argument before us that they do not insist upon the affirmance of these personal judgments and it was agreed that the decrees appealed from should be modified so as to eliminate them. Code of 1950, § 43-22; *Nicholas* v. *Harrisonburg Building and Supply Co.*, 181 Va. 207, 211, 24 S. E. (2d) 452, 453.

The Rohannas answered the bills filed against them by Vazzana Brothers and set up numerous defenses. They also filed a special plea based on the assertion in the answers that "* * * the plaintiffs are barred from recovering any balance due from said defendants * * * because the amount claimed * * * is an alleged balance due under a verbal contract for the erection of the building on Carrene Drive, Norfolk County, and the repairs and alterations to the building numbered 9226 Marlow Avenue, the aggregate amount of which as shown in the plaintiffs' bills of complaint is in excess of $20,000, and that the plaintiffs * * * Vazzana Brothers, being general contractors, and having failed to comply with Title 54, Chapter 7, Volume 7, of the Code of Virginia, 1950, are therefore barred from collecting any alleged bal-

ance * * *." Code, §§ 54-113 to 54-145, both inclusive, as amended.

The chapter of the Code here referred to requires that any person who undertakes to bid upon or to construct any building or other thing, if the undertaking is to cost twenty thousand dollars or more, secure a State license before engaging in the undertaking. A failure to comply with the statute precludes a recovery by the contractor on his contract. *Bowen Electric Co. v. Foley*, 194 Va. 92, 98, 99, 72 S. E. (2d) 388, 392, 393.

On motion of Vazzana Brothers, a hearing was had on the special plea, at which Vazzana Brothers took the position that the statute had no application in a situation where two separate and distinct jobs and contracts were involved, neither of which amounted to twenty thousand dollars. Upon the conclusion of the testimony taken on the motion the Rohannas requested and were granted leave by the court to withdraw the special plea.

Some time thereafter when the suits came on for hearing counsel for the parties stated to the trial court that a settlement had been agreed upon; whereupon the court ordered the terms of settlement dictated into the record. The settlement provided that the defendants, Virginia Rohanna and George Rohanna pay to Vazzana Brothers $11,500, and that "if within sixty days Virginia Rohanna and George Rohanna have not paid the sum * * * then it is here agreed by Virginia Rohanna and George Rohanna, individually and through their attorney, Herman Sacks, that a judgment shall be entered in the respective suits * * * for the full amount sued for * * *."

The trial court, in its opinion, says: "Upon the expiration of sixty days, the Rohannas having failed to make the agreed payment, plaintiffs moved the court for the entry of judgments in accordance with the terms of the agreement of compromise. Defendants appeared in opposition thereto and contended, first, that as time was not the essence of the agreement, judgment should not be entered * * *."

This contention was disregarded by the court and judg-

ments were entered in accordance with the plaintiff's motion. Several days thereafter defendants appeared and moved the court to set the judgments aside on the ground that they were predicated upon an illegal consideration. Thus the defendants were here attempting to reassert the defense originally relied upon in the special plea which had previously been withdrawn. The court refused to disturb the judgments, hence this appeal.

Before us, as in the court below, defendants urged the matter of illegality. It is not necessary, however, for us to decide whether or not the chapter of the Code on which the special pleas were predicated applied to two separate jobs performed by the contractor under the related circumstances or whether the judgments complained of were in fact based upon an illegal consideration. *Bowen Electric Co.* v. *Foley, supra.*

Suffice it to say that the special pleas had been withdrawn when the cases were settled and they were not before the court when the judgments were entered. The trial court, in dealing with this question in its opinion, says: "(A)ssuming such defense was properly made, nevertheless it would appear that defendants are estopped to assert any such defense at this time. The defendants withdrew their plea of illegality, agreed to a compromise in open court and thereafter suffered a judgment (in each case) to be entered, without protesting the legality of the agreement compromised. * * *

"The fact that the defendants, acting upon advice of eminent counsel, withdrew their special plea of illegality and entered into an agreement of compromise requiring the payment of a substantial sum of money, standing alone, would suggest that defendants regarded the asserted illegality with some doubt." (Citing Williston on Contracts, Rev. Ed. Vol. 6, p. 4728.)

On appeal, it was admitted at bar by counsel for the Rohannas that prior to dictating the terms of settlement as heretofore related, his clients had authorized him to settle the claims in litigation for the agreed sum and that counsel

for the parties were thus led to believe that such settlement would be made immediately and in cash; that it was thereafter learned that the Rohannas did not have the money to make the cash settlement and the sixty-day extension within which to raise the money was requested.

A rule .denying litigants the right to play fast and loose with courts should be maintained. The appellants had filed their special pleas alleging the supposed illegal contract; the pleas had been withdrawn and the judgments entered as per the agreement made in open court. They should not now be heard to complain. The rule as here employed may not be strictly regarded as one of estoppel but rather in the nature of a positive rule of procedure based upon manifest justice and to a greater or lesser degree on considerations of orderliness, regularity and expedition in litigation. 19 Am. Jur., Estoppel, § 72, pp. 704, 705, 706.

Mr. Justice Spratley, in speaking for the court, in *Burch* v. *Grace Street Building Corp.*, 168 Va. 329, 340, 191 S. E. 672, had this to say:

"In Virginia, we have also approved the general rule that a party is forbidden to assume successive positions in the course of a suit, or series of suits, in reference to the same fact or state of facts, which are inconsistent with each other, or mutually contradictory. A litigant is estopped from taking a position which is inconsistent with one previously assumed, either in the course of litigation for the same cause of action, or in dealings *in pais*."

He then quoted with approval from Bigelow on Estoppel, 6th Ed., 732, 783: "A party cannot either in the course of litigation or in dealings *in pais*, occupy inconsistent positions. Upon that rule election is founded; 'a man shall not be allowed' in the language of the Scotch law 'to approbate and reprobate' and where a man has an election between several inconsistent courses of action, he will be confined to that which he first adopts; the election if made with knowledge of the facts is in itself binding. * * *

"If the parties in court were permitted to assume incon-

sistent positions in the trial of their causes, the usefulness of courts of justice would in most cases be paralyzed; the coercive process of the law available only between those who consented to its exercise could be set at naught by all. But the rights of all men, honest and dishonest, are in the keeping of the courts, and consistency of proceeding is, therefore, required of all those who come or are brought before them." (168 Va., pp. 340, 341)

The decrees appealed from should be modified by the elimination of the personal judgments in favor of the materialmen against the appellants, without prejudice to the rights of the materialmen to enforce their mechanics' liens in the amounts set out in said decree and the causes are remanded for the entry of proper decrees in accordance with this opinion. The appellees having substantially prevailed on this appeal will recover their costs of the appellants.

*Modified, affirmed and remanded.*