JACK H. DACE, Plaintiff-Appellant, *v.* GEORGE C. GILBERT, Defendant.— (MARY M. MIDDLETON, Defendant-Appellee.)

Third District    No. 80-541

Opinion filed May 15, 1981.—Rehearing denied June 16, 1981.

Robert S. Calkins, of Peoria, for appellant.

Jeffrey W. Jackson and Wayne L. Hanold, both of Westervelt, Johnson, Nicoll & Keller, of Peoria, for appellee.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

This is an appeal by the plaintiff, Jack H. Dace, from an order of the Circuit Court of Peoria County which granted summary judgment to the defendant, Mary M. Middleton.

The plaintiff had filed suit against the defendants Middleton and Gilbert seeking damages for injuries sustained in an automobile accident. The accident occurred on February 8, 1978, in the city of Peoria at an intersection on Knoxville Avenue. This avenue is a four-lane street with two lanes southbound and two northbound. Plaintiff was in the inside southbound lane waiting to make a left turn. Defendant Middleton was in the inside northbound lane, presumably waiting to make a left turn. Defendant Gilbert was in the outside northbound lane. Defendant Middleton signalled to the plaintiff that it was safe for him to make the left turn across the northbound lane. After a period of hesitation the plaintiff made a turn, but unfortunately into the path of the Gilbert automobile.

The action against the defendant Gilbert was dismissed, and he is not a party to this appeal. The motion for summary judgment made by defendant Middleton and which was granted was predicated upon admissions made by the plaintiff in his discovery deposition. Those admissions made by Dace were that he waited one minute after receiving Middleton's signal before turning left; that he could observe glaring headlights of oncoming cars; that he used his own vision to determine if he could turn safely, and that he did not rely on defendant Middleton to tell him when to turn.

■■ Was the granting of summary judgment in this case proper? Our answer is in the affirmative. We accept the legal proposition that one who

assumes to act, even though gratuitously, may become subject to the duty of acting carefully if he acts at all. (See *Kemp v. Armstrong* (1978), 40 Md. App. 542, 392 A.2d 1161; and *Gamet v. Jenks* (1972), 38 Mich. App. 719, 197 N.W. 2d 160.) As stated, however, in the case of *Kemp*, the gratuitous actions of the party who signals another party that traffic conditions are safe must be the proximate cause of the accident. 40 Md. App. 542, 548-49, 392 A.2d 1161, 1165.

■■ It is clear in the instant case that Middleton's signal to the plaintiff was not the proximate cause of the accident and the resultant injuries. By plaintiff's admissions via discovery deposition, it is clear that he was contributorily negligent. As previously set forth, the plaintiff deposed that he waited one minute after receiving Middleton's signal before making the turn and of even greater import that he (plaintiff) did not rely on Middleton to tell him when to turn.

■■ Plaintiff contends summary judgment was improper because defendant Middleton's motion for the same was predicated solely upon plaintiff's discovery deposition. We disagree, because in our State a motion for summary judgment may be supported solely by depositions. See Ill. Rev. Stat. 1977, ch. 110, par. 57(2), (3); and *Buck v. Alton Memorial Hospital* (1980), 86 Ill. App. 3d 347, 407 N.E.2d 1067.

■■ Plaintiff further argues that the trial court improperly considered his discovery deposition in regard to the motion for summary judgment when issues of negligence had been raised by the pleadings. We find no merit in this argument for this court rejected the same in *Schoen v. Caterpillar Tractor Co.* (1968), 103 Ill. App. 2d 197, 199, 243 N.E.2d 31, 32, when it was stated:

> "* * * It does not matter that there is an apparent issue of fact raised by the complaint and answer. It is well settled that such purported issue cannot prevail when the affidavit discloses there is no issue of fact to be tried. Pefferle v. Prairie Mills, Inc., 72 Ill. App. 2d 440, 218 N.E.2d 247; Solone v. Reck, 32 Ill. App. 2d 308 at 311, 177 N.E.2d 879."

The plaintiff further asserts that there is a distinction between evidence and discovery depositions and the uses permitted of each type are different.

■■ We have set forth this issue in the exact terminology or wording as it was set forth by the plaintiff in his brief. Plaintiff claims that since his admissions were made in a discovery deposition, rather than evidence deposition, they should not have been considered by the trial court, since they were legal conclusions. We need not consider this argument of the plaintiff since the record is devoid of any objection by the plaintiff to the introduction of his admissions. Having failed to object, the plaintiff has waived this issue. (See *Fooden v. Board of Governors* (1971), 48 Ill. 2d

580, 272 N.E.2d 497.) Our Supreme Court Rules provide a method where a party may object to the admissibility of statements made by a deponent, and failure to make an objection results in a waiver. (See Ill. Rev. Stat. 1977, ch. 110A, par. 211(c)(2), (3), (4); and *Scharf v. Waters* (1946), 328 Ill. App. 525, 66 N.E.2d 499.) In the instant case the plaintiff failed to object and further failed to move to strike those portions of his deposition which he found objectionable. Such failure results in the waiver of the issue which he now attempts to present in this appeal.

For the reasons set forth, the judgment of the Circuit Court of Peoria County is affirmed.

Affirmed.

HEIPLE and STOUDER, JJ., concur.