## CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Victor Simms

v.

Stratford Square Apartments
Limited Partnership et al.

December 19, 1990

Case No. CL90-227

By JUDGE WILLIAM H. LEDBETTER, JR.

In his motion for judgment, Simms alleges that he and the defendants made an agreement in August of 1990 pursuant to which he was to replace the roofing on thirty-two apartment buildings owned by the defendants. He further alleges that the defendants refused to permit him to complete the work thereby breaching the contract. Simms seeks recovery of damages in the amount of $50,000.00.

The defendants demurred, claiming that Simms's failure to allege that he holds a Class A contractor's license is fatal to the pleading. Arguments on the demurrer were heard on December 14, 1990.

Virginia law requires that any person performing the work that Simms undertook must be licensed. *See* Chapter 11, Article 1, of Title 54.1. If the cost is $40,000.00 or more, the person doing the work must hold a Class A license. Section 54.1-1103. It is unlawful for a person to engage in contracting without a proper license and a certificate of registration. Section 54.1-1115. Enforcement of a contract made in violation of these statutory provisions will be denied the unlicensed contractor as a penalty for failing to comply with the registration statutes (*Rohanna v. Vazzana*, 196 Va. 549 (1954); *Bacigalupo v. Fleming*, 199 Va. 827 (1958)), unless the contractor

"gives substantial performance . . . in good faith and without actual knowledge of the . . . requirements" of the licensing statutes. Section 54.1-1115(C).

Nevertheless, there are two reasons why this matter cannot be resolved by demurrer.

First, the motion for judgment does not contain facts showing the amount of the undertaking. ("Exhibit A," referred to in the motion for judgment as a copy of Simms's proposal, is not attached to the pleading.)

Second, the court is of the opinion that compliance with the licensing statutes does not have to be affirmatively pleaded in an action under a construction contract. With the addition of subsection C to § 54-1115, a contract made in violation of the licensing statutes is not void; instead, it is unenforceable *if* the contractor did not substantially perform in good faith and without knowledge of those statutory requirements. It is a matter to be established at trial; or, in the interest of efficiency and economy, by pretrial discovery, such as requests for admission, followed by motion for summary judgment, where appropriate.

In *Bacigalupo, supra*, relied on by the defendants, the appellate court held that the trial court erred in refusing to strike the plaintiff's evidence. The decision indicates that compliance with the statutes must be proven by the contractor at trial in order for the case to go forward; it does not follow, however, that a failure to specifically plead compliance is fatal on demurrer. In *Bacigalupo*, the trial court had before it not only the pleadings, but the contract itself, the specifications, and the evidence, all of which "clearly and conclusively" established that the plaintiff had engaged in contracting without a proper license and, therefore, was not entitled to recover against the defendants.

For the foregoing reasons, the demurrer will be overruled.