## CIRCUIT COURT OF THE CITY OF RICHMOND

Barbara Church, Adm'x

   v.

Commonwealth of Virginia,
Tien Duc Nguyen,
and Jon Peterson

April 5, 1999

Case No. LE-577-3

BY JUDGE RANDALL G. JOHNSON

   This wrongful death case is before the court on defendant Commonwealth of Virginia's motion for summary judgment. At issue is whether plaintiff should be allowed to present inconsistent theories of recovery to a jury. The court holds that she may.

   The motion for judgment alleges that plaintiff's husband died as a result of negligent medical treatment he received while he was an inmate at the James River Correctional Center. Defendants are the Commonwealth of Virginia, Dr. Tien Duc Nguyen, who treated decedent at James River, and Dr. Jon Peterson, who treated decedent after he was transported to the Medical College of Virginia in Richmond. After suit was filed, Dr. Tien[1] filed a plea of sovereign immunity, alleging that as an employee of the Commonwealth, he was entitled to the protection of the Commonwealth's immunity from suit. In response, plaintiff filed a written memorandum in which she argued that "there can be little doubt that defendant, Dr. Tien, is an independent contractor and not an employee of the state." Plaintiff's Memorandum in Opposition to Defendant Dr. Tien Duc Nguyen's Special Plea of Sovereign Immunity, at 7. Plaintiff's counsel made the same argument in court. The court denied the

---

[1] At oral argument, counsel for Dr. Tien Duc Nguyen assured the court that the correct reference to his client is "Dr. Tien," and not "Dr. Nguyen."

plea. The Commonwealth now argues that by taking the position she took in response to Dr. Tien's sovereign immunity plea, plaintiff is precluded from asking a jury to find that Dr. Tien was an employee instead of an independent contractor. And since a principal is not liable for the negligence of an independent contractor, the Commonwealth cannot be liable for the negligence of Dr. Tien, even under Virginia's Tort Claims Act, Va. Code § 8.01-195.3 *et seq.* The court disagrees with the Commonwealth's argument.

In making its argument, the Commonwealth relies on a line of cases generally holding that a party to a lawsuit cannot take inconsistent positions. As stated in *Burch v. Grace Street Bldg. Corp.*, 168 Va. 329, 191 S.E. 672 (1937):

> In Virginia, we have also approved the general rule that a party is forbidden to assume successive positions in the course of a suit, or series of suits, in reference to the same fact or state of facts, which are inconsistent with each other, or mutually contradictory. A litigant is estopped from taking a position which is inconsistent with one previously assumed, either in the course of litigation for the same cause of action, or in dealings *in pais.* This wise and salutary policy has been repeatedly followed.

168 Va. at 340. *See also Smith v. Settle*, 254 Va. 348, 354, 492 S.E.2d 427 (1997); *Ring v. Poelman*, 240 Va. 323, 328, n. 2, 397 S.E.2d 824 (1990); *Fisher v. Commonwealth*, 236 Va. 403, 417, 374 S.E.2d 46 (1988); *Leech v. Beasley*, 203 Va. 955, 962, 128 S.E.2d 293 (1962); *Rohanna v. Vazzana*, 196 Va. 549, 553, 84 S.E.2d 440 (1954).

In making its argument, however, the Commonwealth fails to take proper account of Rule 1:4(k) of the Rules of the Supreme Court of Virginia. That rule provides, in pertinent part:

> A party asserting either a claim, counterclaim, cross-claim, or third-party claim or a defense may plead alternative facts and theories of recovery against alternative parties, provided that such claims, defenses, or demands for relief so joined arise out of the same transaction or occurrence .... *A party may also state as many separate claims or defenses as he has regardless of consistency ....*

Emphasis added.

As a matter of fact, *Burch, Rohanna,* and *Leech* were all decided before 1977, the year in which Rule 1:4(k) was adopted, and *Ring, Smith,* and *Fisher,* which were decided after the rule came into being, do not support the Commonwealth's argument. In *Smith,* the plaintiffs in a personal injury case elicited testimony from an expert witness on the factual issue of "the standard of care as it applies to emergency vehicles proceeding through a red light." 254 Va. at 354. The expert testified that the standard imposed upon the operator of an emergency vehicle the duties of "bring[ing] the vehicle within control before entering the intersection" and of maintaining a proper lookout. *Id.* Plaintiffs then attempted to have the trial court give two instructions that would have told the jury that the duties testified about by the expert existed as a matter of law. The trial court refused to give the instructions and the Supreme Court, while reversing the trial court on other grounds, upheld that particular ruling:

> Having created factual issues of the existence of these duties, plaintiffs are not permitted to take the inconsistent position that the same issues are matters of law, suitable for jury instructions.

254 Va. at 354.

*Ring v. Poelman* was also a personal injury action. There, the plaintiff asked the Supreme Court to hold that the defendant was negligent as a matter of law and to remand the case for trial on the issue of damages only. Noting that the plaintiff had made no such motion at trial and had, in fact, submitted jury instructions on the issue of the defendant's negligence, the Supreme Court refused plaintiff's request. In doing so, the Court said:

> In effect, Ring moves this Court for summary judgment on the issue of Poelman's liability. The record shows that Ring made no such motion at the close of the evidence, that she drafted jury instructions on primary negligence, and that the issue as defined in those instructions was submitted to the jury. Ring's pre-verdict position was that Poelman's negligence was an issue of fact for the jury. Her position post-verdict was, and the position she assumes in this Court, is that Poelman's negligence is a question of law. "In Virginia, we have … approved the general rule that a party is forbidden to assume successive positions in the course of a suit which are inconsistent with each other, or mutually contradictory. A litigant is estopped from

taking a position which is inconsistent with one previously assumed
...."

240 Va. at 323, n. 2.

And *Fisher v. Commonwealth,* another post-Rule 1:4(k) case cited in *Ring,* involved a capital murder case in which defense counsel had made statements in closing argument concerning parole which he admitted to the trial judge were improper and which he agreed could be responded to by the Commonwealth's Attorney. In fact, when subsequently moving for a mistrial in the trial court, defense counsel "expressly excepted from his motion any remarks the Commonwealth's Attorney had made in response to the improper summation by the defense." 236 Va. at 417. Later, at the sentencing hearing, defense counsel again "acknowledged that his argument had been improper, that the Commonwealth's Attorney was within his rights to complain about it, and that the defense 'did invite error'." *Id.* Nevertheless, the defense then contended that the trial court had erred in permitting the Commonwealth's Attorney's response and moved the court to set aside the death penalty verdict and to enter judgment for life imprisonment. The Supreme Court concluded that the defendant had suffered no prejudice from the trial court's action, and added:

> Furthermore, even if we were to assume that the court's ruling was technically erroneous, we hold that Fisher is barred from invoking it on appeal. No litigant, even a defendant in a criminal case, will be permitted to approbate and reprobate — to invite error, as the defense admittedly did here, and then to take advantage of the situation created by his own wrong.

236 Va. at 403.

As can be seen, not one of the cases relied on by the Commonwealth involves a situation in which a litigant pleaded inconsistent claims after the adoption of Rule 1:4(k), the very thing that the rule expressly allows. Moreover, the cases cited by the Commonwealth do not take into consideration those cases in which a plaintiff simply does not know which of two inconsistent sets of facts is correct and in which it would be unjust to require an election before submission of the case to a jury. For example, where a passenger is injured in a collision of two cars and the driver of each car says the other had a red light, Rule 1:4(k) allows the passenger to present his or her case to a jury and allow the jury to decide who was at fault. The same is true

here. Plaintiff has no inside knowledge of the relationship between Dr. Tien and the Commonwealth. While she may suspect that Dr. Tien is an independent contractor and while pretrial discovery may make that scenario more likely than the other, the jury may disagree. That does not mean that plaintiff should then recover nothing. Even if Dr. Tien is an employee instead of an independent contractor, Virginia's Tort Claims Act allows a recovery. To require plaintiff, a stranger to the relationship, to make an "all or nothing" election as the Commonwealth would require, is not just and is expressly not required by Rule 1:4(k). Indeed, while plaintiff argues that Dr. Tien is an independent contractor, she has consistently stated that the issue is a proper one for a jury. The court agrees. The Commonwealth's motion for summary judgment will be overruled.