# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

    v.

Gina Park

June 17, 1999

Case Nos. (Criminal) 013615 and 013616

BY JUDGE STANLEY P. KLEIN

This matter is before the Court on Defendant Gina Park's Motion for Reconsideration of the Court's ruling and orders of May 7, 1999. On April 29, 1999, this Court conducted a bench trial to determine whether Park's husky and doberman pincher violated Virginia Code § 3.1-796.116, proscribing the killing, injuring, or chasing of livestock or poultry by dogs. Finding the dogs to have violated that code section, the Court ordered that the dogs be removed from the Commonwealth to a state non-contiguous with Virginia.

Park asks the Court to reconsider its ruling, arguing, *inter alia*, that in accordance with the Court's ruling, these matters are not strictly criminal in nature and the Commonwealth's Attorney lacked authority to act on behalf of Fairfax County in maintaining these actions.

Park's Motion for Reconsideration also set forth various constitutional arguments aimed at persuading the Court that Virginia Code § 3.1-796.116 offends the sovereignty of neighboring states, violates the Commerce Clause, and impermissibly interferes with the fundamental right of interstate travel. At oral argument before the Court on May 28, 1999, Park withdrew these arguments. Park further argued that the Court erred in finding that one of the dogs had violated the statute since it merely "chased" ostriches, an offense she contended did not constitute a depredation under the statute. The Court disagreed, reiterating its ruling that both dogs had violated § 3.1-796.116.

Park contends that this alleged lack of authority on the part of the Commonwealth's Attorney deprived the Court of subject matter jurisdiction

over these matters, thereby rendering the proceeding null and void and necessitating a new trial. The Commonwealth's Attorney responds that he did have authority to bring and maintain these actions, which he asserts are hybrid matters possessing both civil and criminal qualities. Because these actions are not purely civil cases where Fairfax County is a named party, the Commonwealth asserts that the legislature has not expressly precluded the office of the Commonwealth's Attorney from defending or bringing these suits under Virginia Code § 15.2-836. Moreover, the Commonwealth asserts that because these actions were brought pursuant to a state statute, rather than a county ordinance, the Commonwealth properly prosecuted these matters. For the reasons set forth herein, the Court need not decide whether these matters were properly maintained by the Commonwealth's Attorney.

Park's contention that the County Attorney, alone, has authority to maintain actions under Virginia Code § 3.1-796.116, even if true, does not, as a matter of law, support her argument that the Commonwealth's Attorney's prosecution of these matters renders the Court's jurisdiction defective. In *Walthall v. Commonwealth*, 3 Va. App. 674 (1987), the Virginia Court of Appeals considered a similar argument wherein a father, appealing a juvenile and domestic relations district court ordered increase in child support to the circuit court, challenged the appearance of the Commonwealth's Attorney on behalf of his wife. There, the Court of Appeals agreed that the proceeding both in the district court, and derivatively in circuit court, was civil in nature and held:

> where it is clear that a proceeding is not criminal in nature, and no criminal conviction or sanction can result from the proceeding, or where the Commonwealth is not a party in interest, the Commonwealth should neither be required nor permitted to participate in the proceedings.

*Walthall*, 647 Va. at 680. However, the Court found the participation of the Commonwealth's Attorney to be harmless error and dismissed Walthall's appeal. *See id.* Had this error vitiated the trial court's jurisdiction, the Court of Appeals would have been bound to vacate the ruling of the trial court. Quite plainly, then, in a purely civil matter, the maintenance of a civil action by the Commonwealth's Attorney may provide fertile ground for objection. It does not, however, deprive a court of its jurisdiction over matters which are otherwise within the ambit of its judicial authority. (The federal cases relied on by Park in her brief are inapposite. They relate either to federal statutory issues or the propriety of the maintenance of a *criminal* prosecution by one

who is not authorized by the executive branch of the federal government to prosecute criminal cases. Park claims here that the Commonwealth's Attorney did not have the authority to participate in what she contends to be a *civil* proceeding.)

Nor does the fact that Park has now retained new counsel to represent her deter the Court from the inescapable conclusion that any objection to the participation of the Commonwealth's Attorney in bringing these actions has been waived. Indeed, it would be fundamentally unfair to award a new trial based upon this post-trial argument in light of Park's position throughout these proceedings. Early on in these appeals, Park was successful in obtaining discovery, arguing that "[t]he matter before the court is a civil forfeiture which is not criminal in nature nor remedy." *Defendant's Response to Plaintiff's Motion to Quash Defendant's Requests for Discovery*, at 3. At no time during these proceedings, before verdict, did Park present the argument now raised or request that the Commonwealth's Attorney recuse himself. The absence of a timely objection to this alleged defect in the proceedings constitutes a waiver of any such objection.

Principles of judicial estoppel dictate that where a position is successfully maintained and a judgment rendered, a litigant is estopped from later asserting an inconsistent position with respect to the same issue against the same party when that party is misled to his detriment and the change of position appears unjust. *See Richfood, Inc. v. Ragsdale*, 26 Va. App. 21, 24, n. 2 (1997); *see also, Ring v. Poelman*, 240 Va. 323, 328, n. 2 (1990) (quoting *Rohanna v. Vazzana*, 196 Va. 549, 553 (1954) (litigant estopped from assuming successive contradictory positions in same suit)); *Winslow v. Scaife*, 224 Va. 647, 653 (1983) (trial litigant not permitted to assume inconsistent and mutually contradictory positions). It is abundantly clear that at all times relevant to these proceedings, Park took the position that these matters were civil in nature. Her failure to object to the participation of the Commonwealth's Attorney in advance of trial signaled at least her acquiescence to such participation. It would be manifestly unjust to award her a second trial on the merits now.

For the reasons set forth herein, the Motion for Reconsideration is denied.