# CIRCUIT COURT OF WARREN COUNTY

Essex Insurance Co. et al.

v.

Town of Front Royal

July 19, 1999

Case No. (Law) 98-133

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on Defendant's Motion for Summary Judgment. Peter W. Vogt, Esquire, appeared for the Plaintiff; and Mary McGowan, Esquire, appeared for the Defendant. The issue in this case is whether a municipal electric company may be held liable for its alleged negligence when it discontinued electric service for nonpayment to a building which is later destroyed by fire as a result of faulty wiring within the building, where the utility company had no knowledge of the wiring defect in the building.

## I. *Statement of Material Facts*

The following facts are not in dispute.

This is a property damage action arising from a fire which destroyed a restaurant in Front Royal, Virginia. The plaintiffs insured the premises and have filed this subrogation action against the Town claiming that it negligently terminated electrical service to the premises.

The Town of Front operates a municipal utility company which supplies electricity to its residents. The Town owns and maintains the electrical distribution system within the town to include the meter box which measures

the use of electricity and which is located on the exterior of the customer's building.

Two meters served the subject premises. Electric service is terminated by the Town by a process called booting whereby the town physically interrupts the service to the premises by placing insulating sleeves on the service wire on the demand side of the meter. The two meters on the subject property were booted by the Town because of nonpayment of the electric bill.

On July 22, 1996, over a month after the upstairs meter was booted and two months after the downstairs meter was booted, a fire originated in an electrical wire carrying electricity to recessed ceiling lights in the building, which is within the building well beyond the meter.

One of the experts will testify that despite the booting by the town, electricity continued to flow to the property, so the expert has concluded that the one of the boots must have been split or torn to allow electricity to continue to flow, and it is based on this alleged defect in the booting that the plaintiffs claim that the Town is liable for the destruction by the fire caused by the defective wiring.

Neither the town nor the owner had any knowledge of the wiring defect in the restaurant before the fire.

## II. *Conclusions of Law*

"Summary judgment shall not be granted if any material fact is genuinely in dispute. Rule 3:18. In considering a motion for summary judgment, a court must adopt those inferences from the facts that are most favorable to the nonmoving party, unless the inferences be strained, forced, or contrary to reason." *Commercial Bus. Sys. v. BellSouth Servs., Inc.* 249 Va. 39, 41-41, 453 S.E.2d 261 (1995).

In this case there is no dispute about the fact that the fire which destroyed the property emanated from wiring in the restaurant building beyond the point of electrical supply by the Town. Plaintiff's Opposition Memorandum, p. 2.

"It is the universally accepted rule that in negligence cases one of the prerequisites to liability is that a defendant's negligence must have been the proximate cause of an injury or death." *Blacka v. James,* 205 Va. 646, 650, 139 S.E.2d 47, 50 (1964). A proximate cause of an event under Virginia law is that act or omission that, in the natural and continuous sequence, unbroken by an efficient intervening cause, produces the event and without which that event would not have occurred. *See Coleman v. Blankenship Oil Corp.,* 221 Va. 124, 267 S.E.2d 143, 147 (1980). The issue of proximate cause becomes a question for the court when reasonable minds cannot differ about the

conclusion to be drawn from the evidence. *See Litchford v. Hancock*, 232 Va. 496, 352 S.E.2d 335, 337 (1987); *Hubbard v. Murray*, 173 Va. 448, 3 S.E.2d 397, 402 (1939). *See, e.g. Ring v. Poelman*, 240 Va. 323, 327, 397 S.E.2d 824, 826 (1990) ("John Doe's conduct, whether negligent or not, was not the proximate cause of the collision," upholding the trial court's decision to grant John Doe summary judgment); *Blacka v. James*, 205 Va. 646, 650, 139 S.E.2d 47, 51 (1964) (finding that "[i]t cannot be inferred, without resorting to pure speculation, that if there had been [several lifeguards around the lake], [plaintiff] would not have drowned," and concluding that "there was no proof of causal connection between the drowning of the plaintiff's decedent and the negligence of the defendant").

The power company's common law duty to its customer is legally limited by the concept of reasonable foreseeability, *see* 27A Am. Jur. 2d, *Energy and Power Sources*, § 221, which is inextricably intertwined with the concept of proximate cause. "The negligence of an electric company ... cannot, according to the generally accepted test, be said to be the proximate cause of an injury within the law of negligence unless, under all the circumstances, the injury might have been reasonably foreseen by a person of ordinary intelligence and prudence." 27A Am. Jur. 2d, *Energy and Power Sources*, § 232. This limiting concept has been further refined in Virginia to insulate the electric company from liability arising from its supplying of electric service beyond its supply point "unless it has actual knowledge of a dangerous condition in the customer's equipment." *Kroger Co. v. Appalachian Power Co.*, 244 Va. 560, 563 (1992) *relying on VEPCO v. Daniel*, 202 Va. 731, 119 S.E.2d 246 (1961); *accord* 27A Am. Jur. 2d, *Energy and Power*, § 292.

In this case, the fire arose from a latent defect in the electrical wiring on the owner's premises, which the owner did not even know of, much less the power company. Absent knowledge of the specific defect on the owner's property, the electric company's liability for loss to the owner's property arising from its supply of electric service to the premises has historically stopped at the meter box. In *Haywood v. South Hill Co.*, 142 Va. 761, 767-768, 128 S.E. 362 (1925), the Supreme Court held that the power company was not responsible for failures beyond the meter. Similarly, the Supreme Court noted in *Barnett v. Virginia Public Service Co.*, 169 Va. 329, 337, 193 S.E. 538 (1937):

> If one is the owner of an electric line, charged with the responsibility of maintaining it, he can no more relieve himself of that responsibility, and place it upon a power company merely transmitting the electricity, than he can require it to repair an electric

appliance or fixture in his house owned and controlled by him. If a power company does not own or control the line, and is not charged with the duty of maintaining it, it *cannot be held liable* for an injury to one whose duty it is to maintain it, caused by the failure of the latter to perform his duty.

This appears to be one of those rare instances in the law in which there is a bright line test to be applied. The cases from other jurisdictions relied upon by the Plaintiff cannot alter this clear legal rule in Virginia, which is premised on the reasonable foreseeability of the condition causing the injury complained of, so the power company must have knowledge of the defect beyond its meter before it can be held liable for a loss arising from that defect. Since the Town had no knowledge of the wiring defect in the building which caused the fire, the motion for summary judgment must be granted.

## III. *Decision*

For the foregoing reasons, it is adjudged and ordered that the Defendant's Motion for Summary Judgment is granted, and the Motion for Judgment is dismissed with prejudice.